JOHN KAUTER v. CHRIST FRITZ.

No. 105.

1. SUMMONS — *filing answer cures void service of.* Where the is-
suance and service of summons are unauthorized or defective and
should be quashed and set aside on motion of the defendant, but
after a motion to quash has been overruled by the court the de-
fendant then asks leave to answer and files an answer to the origi-
nal petition, he thereby waives the defects in the issuance and
service of summons and submits himself to the jurisdiction of the
court.

2. CIVIL CODE — *items of contractual damage not "account"
within section 108 of.* Where the petition of the plaintiff sets up
a cause of action for trespass, and the defendant in answer thereto
denies the trespass, and, by way of set-off and counterclaim, sets
up that there was an agreement between the plaintiff and defend-
ant whereby defendant was to furnish seed for the planting of dif-
ferent kinds of crops on certain premises; that he was to have
one-half of the crops raised by plaintiff on the premises; that the
crops were grown according to the agreement; that the plaintiff
took and converted the crops to his own use and deprived the de-
fendant of all interest therein; and that by reason thereof he has
been damaged in the sum of $285, and then itemizes the amount
of the different kinds of crops he should have received under the
agreement, and the answer is duly verified by the defendant and
the reply thereto is not verified: *held,* that this is not the state-
ment of an account, the correctness of which shall be taken as
true unless the denial of the same be verified by the affidavit of
the plaintiff.

3. JURISDICTION — *dismissing action and overruling motion for
new trial, terminates.* Where the court on proper proceeding
dismisses an action, and within three days thereafter the plaintiff
files his motion for a new trial on the motion upon which the case
was dismissed and the motion is overruled, the jurisdiction of the
court over the matter has terminated, and the court cannot three
months thereafter entertain a motion for a rehearing of the mo-
tion by which the case was dismissed, and on the rehearing set
aside the order of dismissal and reinstate the case on the docket
and set the same down for trial

Error from Kearny District Court. Hon. A. J. Ab-
bott, Judge. Opinion filed January 6, 1897. *Reversed.*

This was an action begun by the defendant in error on October 7, 1889, in the District Court of Kearny County, and on the same day summons was issued. On October 9, 1889, the summons was returned not served. On December 27, 1889, the clerk issued another summons. On the same day it was served and the sheriff made the proper return. On January 17, 1890, defendant made a special appearance and made a motion to quash and set aside the service. This motion was overruled and excepted to, and defendant answered. Plaintiff's cause of action was for the conversion of certain grain raised by plaintiff on lands belonging to defendant. Defendant, in his third defense — the one out of which the controversy in this court grows — admitted that he took certain things as charged by plaintiff, but claimed that he was legally entitled to them ; and he also set up the conversion by plaintiff of certain articles and a failure to deliver them under the lease, and asked damages therefor. He verified his answer and insisted that it was an account, and, the plaintiff not having denied it under oath, that its correctness was therefore admitted.

In November, 1890, defendant filed a motion to require plaintiff to give security for costs. The motion was sustained and the plaintiff was given till April, 1891, in which to comply with the order. On April 29, 1891, the order not having been complied with, the cause was dismissed without prejudice to future action. On May 1, 1891, plaintiff filed his motion for a new trial of the motion to dismiss, which was overruled. On July 29, 1891, plaintiff filed a motion for a rehearing on his motion for a new trial. This motion was sustained and the cause was reinstated, to all of which the defendant excepted. Trial was had

758 KAUTER v. FRITZ.

S. Dept. Opinion. Johnson, P. J. 5 Kan. App.

and a verdict for plaintiff rendered for one dollar and costs. The defendant brings the case here.

*Milton Brown*, for plaintiff in error.

No appearance for defendant in error.

JOHNSON, P. J. The first error complained of is the overruling of the motion of the defendant below to quash and set aside the service, for the reason that the summons had not been issued within sixty days after the filing of the petition. The contention of plaintiff in error is, that the petition was filed October 7, 1889, and summons issued thereon and returned not served; that the second summons was issued December 27, more than sixty days after the filing of the petition, and that thereby the court lost jurisdiction prior to the issuing of the second summons.

Section 20, Code of Civil Procedure, provides:

"An action shall be deemed commenced within the meaning of this article, as to each defendant, at the date of the summons which is served on him, or on a co-defendant, who is a joint contractor or otherwise united in interest with him. Where service by publication is proper, the action shall be deemed commenced at the date of the first publication. An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this article, when the party faithfully, properly and diligently endeavored to procure a service; but such attempt must be followed by the first publication or service of the summons within sixty days."

We think the objection was well taken and the motion should have been sustained; but the defendant below waived any defect in the summons and the service and return thereon by submitting himself to the jurisdiction of the court

1. Summons cured by filing answer.

KAUTER v. FRITZ.                759

Jan. 6, 1897.        Opinion.   Johnson, P. J.          W. Div.

and asking leave to file an answer, and by filing an answer and proceeding thereafter to a trial of the cause.

In the second assignment of error it is urged that, inasmuch as the answer of the defendant below was verified as true, and alleged a set-off and counterclaim — claiming that the plaintiff below was indebted to the defendant below in the sum of $285 over and above the claim of the plaintiff below, with six per cent. interest thereon, and that defendant's set-off and counterclaim arose out of the same matter set out in the original bill of particulars,— judgment should have been rendered for him on the pleadings because the plaintiff's reply was not verified.

We do not think this position is tenable.   The defense, while it is claimed as a set-off and counterclaim, asks for damages on account of a failure of the plaintiff below to comply with his agreement with the defendant.   It is not in the nature of a statement of account verified, which is admitted as true by failure on the part of the plaintiff to deny it under oath.   It is true that defendant below in the third paragraph of his answer sets up that, by failure and refusal of the plaintiff below to permit him to take certain parts of the grain grown on the leased premises, he suffered damages, and itemizes his loss on each kind of crop that he claims he was to have ; but it is not in the nature of a statement of an account verified, which shall be taken as true by failure to deny under oath.

2. Items of damage not "account."

Section 108, Code of Civil Procedure, provides :

" In all actions, allegations of the execution of written instruments and indorsements thereon, of the existence of a corporation or partnership, or of any appointment or authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the

760          KAUTER v. FRITZ.

same be verified by the affidavit of the party, his agent or attorney.''

The third paragragh in the answer of the defendant is simply a statement of the items which he claims constitute his damage by the failure and refusal of the plaintiff below to carry out his contract.

We think, when the court made its final order over-ruling the motion for a new trial and dismissing this case, the jurisdiction ter-minated, and the court could not, three months thereafter, entertain a motion for a rehearing of the motion for a new trial. Having once deter-mined the matter on a motion for a new trial, the court had no authority to hear a second motion for a new trial of the case.

3. Jurisdiction terminated, when.

Other errors complained of are unnecessary to be noticed, as the judgment must be reversed for errors already indicated.

The judgment of the District Court is reversed, and the case remanded with direction to set aside the order granting a new trial and reinstating said case on the docket for trial.