No. 12,168.

* G. W. MAYBERRY, *Appellee,* v. THE MISSOURI PACIFIC RAIL-
WAY COMPANY, *Appellant.*

HEADNOTE BY THE REPORTER.

JURISDICTION—*Granting New Trial at Subsequent Term.* A district court,
after a term of court has passed, at which it rendered judgment and
overruled a motion for a new trial, has no power to set aside the order
and grant a rehearing of the motion for a new trial.

Appeal from Sedgwick district court; DAVID M. DALE, judge.
Opinion filed May 11, 1901. Division two. Affirmed.

*J. H. Richards, C. E. Benton,* both of Fort Scott, and *D.
Smyth,* of Wichita, for the appellant.

*H. M. DuBois,* and *O. A. Keach,* both of Wichita, for the
appellee.

*Per Curiam:* This action was tried in the district court of
Sedgwick county on May 15, 1896, at the May term. Both
parties waived a jury. The defendant appeared by J. H.
Richards, one of its attorneys, and after the evidence was in-
troduced it requested that said cause be continued until the
25th day of June, 1896, for argument. This was consented to
by the court, on condition that counsel for both parties would
at the same time, and in the same argument, argue their motion
for a new trial, and that, whichever way the court decided, the
defeated party should immediately file his motion for a new
trial, and it would be overruled without further argument. On
this condition the cause was continued until the 25th of June.
On that date Mr. Smyth, one of the attorneys for the defendant,
announced to the court that the defendant did not wish to make
an argument; the court then said to him that he would render
judgment for the plaintiff, and that the defendant should file its
motion for new trial and that it would be overruled. Judg-
ment was then rendered for the plaintiff. At the May term,
and on the 27th day of June, the defendant filed its motion for a

* NOTE.—This case was not reported in full when the opinion was filed
(see 63 Kan. 881), and is reported here because it was cited in the case
of *Bank v. Wright,* ante, p. 248.

new trial, which was overruled. A journal entry was pre-
pared, containing the proceedings had, giving the defendant
120 days to make a case for the court of appeals. This journal
entry was put upon the records of the court. On December 15,
at the September, 1896, term of court, the defendant filed its
motion asking the court to set aside its order of June 27, over-
ruling its motion for a new trial. Upon the hearing of this
motion some evidence was introduced tending to show that the
defendant did not know that the journal entry of judgment had
been filed, nor that the motion for a new trial had been over-
ruled, until after the 120 days given it to prepare a case had
expired. Upon the hearing the court made the following
statement:

"I want to state right here, in connection with this, before you com-
mence the argument, that when this case in controversy came up for
trial, Mr. Richards, who represented the defendant, prior to the com-
mencement of the trial, informed the court that he would like to make an
argument upon the matter and requested that after the evidence had been
introduced that the court would postpone the matter until he could do
that; that he would want to get some authorities and would like to make
a very extended argument. The court informed Mr. Richards, at that
time, that that would be agreeable to the court with the understanding
upon the part of the counsel in the case that if time were given as re-
quested that after the court had decided the matter, whichever way the
court decided it, the party losing the case would file a motion for a new
trial, and then no time would be taken upon that, but overrule it with-
out further argument, and as I wanted one argument to answer both
purposes. That was agreed to by the counsel. Sometime after that Mr.
Smyth, in the court room, informed the court that Mr. Richards did not
care to make an argument, and I said to him then, all right, if he does n't
care to I will give judgment for the plaintiff in the case; and I directed
Mr. Symth to file a motion for a new trial and informed him that the
same would be overruled: that when the journal entry was presented
to the court in regard to overruling the motion for a new trial, 120 days
was allowed the defendant to make and serve a case-made."

The court thereupon set aside the order of June 27, over-
ruling the motion for new trial by the defendant, and the mo-
tion was reargued, and overruled by the court. The defendant
brings the case here alleging error.

The record indicates that the only reason the court had for
setting aside the order of June 27, overruling the motion for a
new trial, was that the defendant might have an opportunity
to prosecute an appeal. This is not sufficient. Each party has

a right to have the proceedings of court, regularly had and entered, remain, unless set aside for some reason known to the law. We have been unable to find any reason justifying the court in setting aside the order overruling the motion for a new trial.

Mr. Smyth, one of the attorneys for the defendant, was in court, and was informed by the court that judgment would be rendered for the plaintiff, and that he should file a motion for a new trial, which would be overruled, under the argument had on May 15. The district court, after a term of court has passed at which it rendered judgment and overruled a motion for a new trial, has no power to set aside the order and grant a rehearing of the motion for a new trial. (*Kauter v. Fritz,* 5 Kan. App. 756, 47 Pac. 187; *Kingman v. Chubb,* 8 Kan. App. 167, 55 Pac. 474; *Lookabaugh v. Cooper,* 5 Okla. 102, 48 Pac. 99.

The order of the court setting aside its order overruling the motion for a new trial was without jurisdiction and void.

The cause will be affirmed.