Thomson, J.
The plaintiff in error brought this action against the defendant in error to recover the amount of an alleged indebtedness, and subject land to its payment, on which it was alleged to be a lien. Summons was served on the defendant, Rhone, but not on the defendant, The W. & T. Smith Company. Service upon the latter defendant by publication was then attempted, and, as the plaintiff insists, completed. However, on the Smith Company’s motion, for the sole purpose of which its appearance was specially entered, the return of this service was quashed for certain supposed irregularities in the procurement of the order authorizing the publication.
On the 2d day of February, 1898, The Smith company, by its attorney, demanded and obtained, from the clerk of the court, a copy of the complaint in the suit, and caused the cost of the copy, being $2.10, to be taxed against the plaintiff. On the 7th day of March, 1899 — The Smith company having filed no pleading in the cause — the plaintiff moved the court for a default against it, on the ground that by its procurement of a copy of the complaint at the *97 cost of the plaintiff, it had made a general appearance and the time for pleading had expired. The motion was denied.
The following is from section 45, Mills’ Annotated Code:
“The party filing any pleading of fact, or amendment thereto, or any demurrer, petition, or motion in any cause, shall also lodge with the clerk a copy thereof for the adverse party, unless it shall appear that such adverse party, or his attorney, has already received such copy, and in default of so doing the clerk shall, upon request of the adverse party, make such copy, taxing the cost thereof against the party so in default. ’ ’
An unserved defendant desiring to move in a cause, may limit his appearance to the purpose in hand. But any appearance which is not, in terms, expressed to be special, is general. If the act of the defendant in procuring a. copy of the complaint, and causing the cost to be taxed against the plaintiff, was an appearance at all, it was a general appearance. We think it was an appearance. The defendant exercised a right which the code provision we have quoted, gives only to a party. It could take no action in the cause whereby costs might be taxed against the plaintiff, without acknowledging itself a party. If it had not been served with summons, it was a stranger to the case; but it might, nevertheless, appear voluntarily, and so make itself a party; and by doing that which is allowable only to a party, and which could not be done without coming into the case, the defendant waived the service of summons, and subjected itself to the jurisdiction of the court.
But the cause is still pending below. While the court quashed the return of service, and denied the motion for a default, it entered no judgment against the plaintiff. All proceedings in the case stopped *98 with the denial of the default. With that order, the record before us. ends. Our statute permits the review in appellate courts of final judgments only.— Secs. 368, 406, 406d, Mills’ Ann. Code.
Let the writ of error he dismissed.

Dismissed.