No. 21,235.

MICHAEL CHILLETTI, by his next friend, ERANA CHILLETTI, *Appellant*, v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellee*.

### SYLLABUS BY THE COURT.

SUMMONS—*Service on Railway Company in Hands of Receiver*. Where a railway corporation has been placed in the hands of a receiver under an order directing him to take into his possession and control all the assets and property of the corporation and to operate the railway, service of summons in an action against the railway corporation upon a station agent who is in the employ of the receiver, and who had formerly occupied the same position for the corporation, is not good service as to the corporation.

Appeal from Cherokee district court; JAMES N. DUNBAR, judge. Opinion filed January 12, 1918. Affirmed.

*Charles Stevens*, of Columbus, for the appellant.

*W. W. Brown*, and *James W. Reid*, both of Parsons, and *Al. F. Williams*, of Columbus, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The trial court sustained a motion to set aside the service of summons, and the plaintiff appeals.

The action was brought October 4, 1915, to recover against the railway company for injuries alleged to have occurred several years prior thereto. In September, 1915, by an order of the federal court a receiver was appointed for the railway company, and all the property and assets of the corporation of every kind and nature, and wherever situated or found, was by the order of the court taken out of its hands and turned over to the receiver, who was ordered to operate the same.

The summons was served upon E. R. Lane, and the return recites that—

"The said E. R. Lane being the general station agent and representative of said defendants and each of them in said capacity, the president, vice-president, treasurer, secretary, chairman of the board of directors or other chief officers not being found in my county and the said defendants, or either of them, not having designated any person or officer upon whom service of process could be made under the provisions of the statute."

Section 72 of the civil code (Gen. Stat. 1915, § 6963), which provides for the manner of service of summons on a railroad corporation, reads:

"Such process may be served on any local superintendent of repairs, freight agent, agent to sell tickets or station-keeper of such company or corporation in such county, or such process may be served by leaving a copy thereof at any depot or station of such company or corporation in such county, with some person in charge thereof and in the employ of such company or corporation, and such service shall be held and deemed complete and effectual."

It is the contention of plaintiff that the testimony taken on the hearing of the motion conclusively establishes that E. R. Lane, at the time the summons was served, was the station agent of the defendant. He testified in substance that the duties performed by him in the office and at the station had been the same during the last five years, and that after the appointment of the receiver he had performed certain services for the railway company, which consisted in looking after a number of collections for services rendered by the railway company previous to the appointment of the receiver; that he

had never been discharged by the railway company, except as he was notified by a circular letter sent to all the employees at the time the receiver was appointed. There is a stipulation that after the receivership the name of the Missouri, Kansas & Texas Railway Company remained uncanceled on all stationery and forms of printed blanks, just as it had been previous to the appointment of the receiver.

The findings of the court are that the receiver took charge of the property about September 26, 1915, and that E. R. Lane proceeded to look after the business under the employment of the receiver, otherwise performing practically the same duties as those he had been performing in the past; that other than by circular letter to all the employees notifying them of the receivership, he had not been formally discharged by the company; and that in the first two or three months following the receivership he collected a number of small items of freight and remitted them to the railway company, as he was directed to do as general freight and ticket agent at Columbus, and that he was receipted for the same by the railway company and not by the receiver.

In our opinion the order setting aside the service must be affirmed. Whatever duties the station agent performed after the appointment of the receiver he performed as agent of the receiver. Under the terms of the order appointing the receiver, the station agent was not in a position where, in the conduct of the same business, he could serve two masters. All the property and assets of the defendant company were taken out of its control and placed in the hands of the receiver to control and operate. If all the former employees of the railway company continued to be the agents of the company until they could be individually notified of their discharge and reemployment by the receiver, an intolerable situation would arise, not contemplated by the order of the court, and one which would benefit neither the public nor the property. No formal discharge by the railway company of its former employee was required in order to sever the relation of employer and employee. That resulted immediately on the making of the order appointing the receiver. The railway corporation was not dissolved by the appointment; it still exists as a legal entity, and it may have agents for certain purposes; but no

person in the employ of the receiver in operating the railway or in handling any of the assets or property of the railway company can be regarded as the agent of the company, merely because of the duties performed by him. Whatever any servant, agent or employee does in connection with the operation or control of any of the assets or property of the railway company is performed as agent of the receiver, and not of the company.

The fact that the name of the railway company remained on the blanks used by the receiver in the conduct of the business is of no probative force, any more than the fact that the name on the cars and engines of the company was not changed. In *Railway Co. v. Smith,* 59 Kan. 80, 52 Pac. 102, the question arose over the, admissibility of testimony to the effect that the engine causing the injury was a Union Pacific engine, and that the employees were employees of the Union Pacific, and it was said in the opinion:

"In speaking of a railroad in the hands of receivers, it is usually designated by the name of the road, or of the corporation owning it, rather than that of the receivers. No confusion ordinarily arises, and there is none in this case. Proof that the property was Union Pacific property was competent evidence against the receivers, whose duty it was to have charge of the property. Proof that the employees were Union Pacific employees was good proof that they were employees of the receivers, when the fact became clearly established that the receivers had entire and exclusive control of all the properties of the company and of the transaction of all its business." (p. 85.)

In *Railway Co. v. Bricker,* 65 Kan. 321, 69 Pac. 328, the question involved was whether or not an employee of the receiver was also an employee of the corporation, the principal contention being that the corporation was not liable for an injury occasioned by the negligence of the employees of the receiver. It was said in the opinion:

"The principle of *respondeat superior* has no application. The receivers were the officers of the court and not the agents of the corporation, and the corporation is not, therefore, liable for the acts of the receivers or the acts of their employees." (p. 326.)

Because the corporation could only be liable in consequence of some negligence of its own agents or employees, it was held that the company was not liable. It was said in the opinion:

"The plaintiff, when injured, was not an employee of the corporation

and his injuries are not the result of the negligent act of any agent of the corporation or of the mismanagement of any engineer or employee of the corporation." (p. 327.)

The same question involved here has arisen in a number of cases. The decisions, however, are controlled by statutes, some of which differ from our provisions as to the manner of service upon a railway company. A case directly in point is *Cain v. Seaboard Air-Line Railway*, 7 Ga. App. 461. It was there held that—

"Service of a suit against a corporation in the hands of a receiver, by serving an agent of the receiver, which agent had formerly occupied the same position for the corporation, is not good service as to the corporation, (a) because, in order for service upon a corporation to be effective by reason of service upon an agent, the agent must at the time of service be in fact the agent of the corporation; and (b) because when a corporation is in the hands of a receiver who is conducting its business, the agents and employees are no longer those of the corporation, but are the agents of the receiver. *Cherry v. N. & S. Railroad Co.*, 59 Ga. 446; *Henderson v. Walker*, 55 Ga. 481; *Ocean Steamship Co. v. Wilder & Co.*, 107 Ga. 220." (p. 462.)

It is argued that the court committed error in ignoring certain presumptions. It is said in the briefs:

"That it is the legal duty of a sheriff, in serving papers, to make due inquiry as to the identity of the person on whom such papers are served, and in all cases, until the contrary is shown by a clear preponderance of the evidence, the presumption is that such officer has performed his duty and his return speaks the truth."

The sheriff made due inquiry as to the identity of the person on whom he served the papers, and there is no question as to the correctness of the return in this respect. He did, in fact, serve the papers on E. R. Lane, who was the station agent; but when the order of the court appointing the receiver was introduced in evidence it was shown that the sheriff was mistaken in stating that Lane was the agent of the railway company.

It is seriously contended that because the court reserved the right to modify the order and to enlarge or diminish the duties of the receiver, it devolved on the defendant to show that some other order had not been made in the meantime authorizing the railway company to operate or control its property. The presumption, however, is that the order continued in force and

effect until the contrary is shown.    Again, it is said that "there is no evidence, properly admitted, even tending to overturn the presumption that the receiver acted within his authority when he permitted the railway company, through its agent, Lane, to remain" at the station and "collect for it outstanding accounts, etc."   The contention begs the question by assuming that Lane was the agent of the railway company.

The judgment is affirmed.