No. 21,776.

HANNAH VANN, *Appellee,* v. CHARLES E. SCHAFF, as Receiver of THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY et al. (THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant*).

SYLLABUS BY THE COURT.

1. SERVICE—*On Railroad Company in Hands of Receiver.* The rule applied that personal jurisdiction of a railway company is not obtained by delivering a copy of a summons to an agent of a receiver who is in possession of and operating the property of the corporation; *Chilletti v. Railway Co.,* 102 Kan. 297, 171 Pac. 14, followed.

2. JURISDICTION—*Filing Answer—Trial—When No Waiver of Void Service.* The rule applied that a defendant who, upon a properly restricted appearance, has objected to the service of summons upon him does not, by answering and going to trial after such objection has been overruled, lose his right to invoke the judgment of a reviewing court upon the correctness of the ruling.

Appeal from Labette district court; ELMER C. CLARK, judge. Opinion filed December 7, 1918. Reversed.

*W. W. Brown, James W. Reid,* and *E. L. Burton,* all of Parsons, for the appellant.

*Archie D. Neale,* of Chetopa, for the appellee.

The opinion of the court was delivered by

MASON, J.: Hannah Vann obtained a judgment against the Missouri, Kansas & Texas Railway Company on account of injuries received by her while a passenger on one of its trains. The defendant appeals.

1. The defendant maintains that the judgment should be reversed because no valid service of summons was ever made upon it. If it is right in this contention, there is no occasion for examining any of its other specifications of error. The sheriff's return recited that the summons had been served by delivering a copy to an agent of the company to sell tickets at Oswego. The defendant appeared specially and moved to set aside the service on the ground that the ticket seller to whom the copy of the summons had been delivered was not the agent of the corporation, but of a receiver who was then operating the road. The motion was supported by an affidavit of the district superintendent, to the effect that, although he had filled that position for the company while it was conducting the business, a receiver appointed by the federal court had been in possession of all the corporation's property, and had been operating it, for some nine months prior to the filing of the petition, and that during that time neither he nor any of the station employees or station agents within his territory, which included Oswego, had been in the employ of the corporation, or had had any connection with it. Within the rule announced in *Chilletti v. Railway Co.,* 102 Kan. 297, 171 Pac. 14, the service was invalid, and should have been set aside. The plaintiff cites a recent case in which the contrary view is taken (*Missouri, K. & T. Ry. Co. v. Hudson,* [Okla.] 174 Pac. 1058), but however debatable the question might otherwise be, it is settled for this jurisdiction by the Kansas decision cited.

The plaintiff suggests that the superintendent stated only that the agent at *Chetopa* was not in the employ of the de-

fendant. The statement was specifically made with respect to that station, but elsewhere in the affidavit it was extended to all others in his jurisdiction, including Oswego. An attempt is made to distinguish the present case from the earlier one, on the ground that here there was no showing as to the contents of the order of the federal court regarding the property of the company, and that as the abstract does not show what evidence was introduced on the motion, there should be a presumption that the decision of the trial court was sustained by proof not before us. The scope of the order appointing the receiver is not important in view of the affidavit that the employees in charge of the business had no connection with the corporation, and that the receiver had possession of all its property. There is no suggestion that there was in fact any evidence introduced contradicting the superintendent's affidavit, and the language of the trial court's order overruling the motion indicates that it was based upon the theory disapproved by this court in the Chilletti case, which was decided after the rendition of the judgment here appealed from. In that case the plaintiff contended that the person served with process had actually been doing business for the company after the appointment of the receivers, but it was held that the evidence showed his services to have really been performed for the receiver.

2. The plaintiff further contends that by answering and going to trial the defendant waived any defect in the service. There is a division of judicial opinion on the subject, and in a case decided by the Kansas court of appeals the view which supports that contention was adopted. (*Kauter v. Fritz*, 5 Kan. App. 756, 47 Pac. 187.) But the rule is definitely established in this jurisdiction that after a defendant, by a properly restricted appearance, has presented his objection to the service, and it has been overruled, he may then answer and go to trial without losing his right to invoke the judgment of a reviewing court on the question. (*Dye v. Railroad Co.*, 101 Kan. 666, 168 Pac. 1087, citing through a clerical error *Gray v. City of Emporia*, 43 Kan. 704, 23 Pac. 944, the case intended being the preceding one, *Dickerson v. B. & M. R. Rld. Co.*, 43 Kan. 702, 23 Pac. 936.) This practice is necessary to the existence of a right to review a decision of the trial court, over-

ruling a motion to set aside the service of a summons, because in this state no appeal lies from such an order except in connection with a proceeding brought to reverse the final judgment. (*Oil Co. v. Beutner*, 101 Kan. 505, 167 Pac. 1061.)

The judgment is reversed and the cause remanded with directions to dismiss the action.