No. 22,731.

IRENE BRACKVILLE, By ANTOINETTE BRACKVILLE, Her Next Friend, *Appellee*, v. THE SOUTHWESTERN BELL TELEPHONE COMPANY, *Appellant.*

### OPINION DENYING A REHEARING.

#### SYLLABUS BY THE COURT.

1. SERVICE OF PROCESS—*Telephone Company.* The ruling on a motion to set aside service is adhered to.

2. SAME—*Motion for Judgment on Findings—No Forfeiture of Right to Question Sufficiency of Service.* A defendant who moves for a judgment in his favor on the special findings of the jury, and upon appeal asks this court to direct the sustaining of the motion, is not to be regarded as thereby seeking affirmative relief and so forfeiting his right to ask a review of the overruling of his objection to the sufficiency of the service upon him.

Appeal from Wyandotte district court, division No. 1; ED-WARD L. FISCHER, judge. Opinion denying a rehearing filed July 10, 1920. (For original opinion of affirmance see ante, p. 130.)

*C. Angevine*, of Kansas City, *D. E. Palmer*, and *C. J. Evans*, both of Topeka, for the appellant; *J. W. Gleed*, of Topeka, and *D. A. Frank*, of St. Louis, Mo., of counsel.

*James K. Cubbison, William G. Holt*, and *T. A. Milton*, all of Kansas City, for the appellee; *Charles A. Blair*, of Kansas City, of counsel.

The opinion of the court was delivered by

MASON, J.:  In a motion for a rehearing the defendant, among other things, urges that in holding the service of summons to have been sufficient the court has misinterpreted the effect of the taking over of the telephone lines by the government and has departed from its own prior rulings.  The basis of the decision may perhaps be made clearer by a brief addition to the original opinion.  We do not question the completeness of the government's control of the telephone systems while public management was in force, nor do we suggest that during that period the situation was such as to render the business amenable to state regulation or subject the corporations owning the property to liability for its negligent operation.  We regard the terms of the president's order, in providing for the conduct of the business by the postmaster-general through the owners, directors and officers, as well as the employees of the systems, as indicating the retention to some extent of the corporate organization, but the affirmance does not depend upon the correctness of that view.

As pointed out in the original opinion (ante, p. 130), the statute here involved (Civ. Code, § 70, Gen. Stat. 1915, § 6961) is quite different from that relied upon in *Chilletti v. Railway Co.*, 102 Kan. 297, 171 Pac. 14.  It applies to corporations generally, irrespective of their character or their active engagement in business.  It provides for the service of summons upon officers because of their relation to the corporation, not because of their being at the time actually performing a particular kind of work in connection with a public utility.  The officers of the defendant corporation did not cease to be such upon the taking over of its telephone system by the government, whatever may have been the case with mere employees.  From the statutory classification of a managing agent with the officers of a corporation, it is to be presumed that the relation to the defendant of the person described by that title in the sheriff's return continued, notwithstanding the change in the control of its property—a presumption not overthrown by the affidavit attacking the service, which stated no evidential fact as distinguished from a mere legal conclusion. We hold the delivery of a copy of the summons to him to have

Brackville v. Telephone Co.

been sufficient to bring the defendant into court, not because the character of the work he was then doing under the government necessarily qualified him to receive it, but because it was not proved that the relation he had sustained to the corporation at the time the postmaster-general took charge had ever been terminated.

2. In behalf of the plaintiff an argument is renewed which was urged at the original hearing, but not mentioned in the opinion, to the effect that the defendant lost its right to a review of the ruling on its objection to the service by moving for a judgment in its favor on the special findings, and by asking this court to remand the case with directions to enter judgment in its favor. It is argued that inasmuch as a judgment of that character would put an end to the litigation and operate as a bar to any further prosecution of the plaintiff's claim, the defendant in asking it is seeking affirmative relief. As we view it, the motion for a judgment on the findings, although affirmative in form, was in effect a request that the court decide that as a matter of law the facts found prevented any recovery by the plaintiff. The relief asked was substantially the end sought in any defense on the merits, and the making of such defense did not involve the abandonment of the jurisdictional question. (See *Shearer v. Insurance Co.,* 106 Kan. 574, 189 Pac. 648.)

Other questions reargued have been given further consideration, but the court adheres to the views originally announced.

The motion for a rehearing is overruled.

---

OPINION DENYING SECOND MOTION FOR A REHEARING.

(Filed July 19, 1920.)

The opinion of the court was delivered by

MASON, J.: The appellant has tendered and asked leave to file a second motion for a rehearing, based upon the ground that a part of the reasoning upon which the decision of the court was rested is inapplicable because the defendant, being a Missouri corporation, cannot be brought into a Kansas court by service here upon one of its officers or agents unless it is

engaged in business in this state. The leave asked is granted, but the motion for a rehearing is denied for the reasons that, irrespective of the merits of the contention in other respects, the motion to set aside the service was not based upon the defendant's being a foreign corporation, and the abstract does not disclose that it was shown to the district court that the defendant was a Missouri corporation, or that it was not a domestic corporation.