No. 28,408.

EMILY D. MASEMORE, as Executrix, etc., *Appellant*, v. WILLIAM McCRARY et al., *Appellees*.

(278 Pac. 705.)

Opinion filed July 6, 1929.

*Chester I. Long, J. D. Houston, Austin M. Cowan, Claude I. Depew, James G. Norton, T. A. Noftzger, George W. Cox* and *Lawrence Weigand*, all of Wichita, for the appellant.

*John W. Davis* and *Russell L. Hazzard*, both of Greensburg, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: The only question involved in this appeal is jurisdictional and whether or not the defendants by their notice to take depositions, and taking them, upon the merits, and filing an answer raising an issue on the merits, waived the jurisdictional question.

The plaintiff brought an action in the district court of Sedgwick county against H. H. Dunn and thirteen others, all residents of Comanche county, for damages for assault and battery, and obtained personal service on Dunn in Sedgwick county and thereafter upon ten other defendants in Comanche county. Dunn answered by general denial. The others appeared specially and filed a plea in abatement, alleging that the action was not brought in good faith against the defendant Dunn; that Dunn took no part in the assault; that he did not make any threats or enter into any conspiracy to commit the assault, and for that reason the defendants appearing specially were improperly served in Comanche county and the court had no jurisdiction over them, and that such service was an abuse of judicial process and a fraud upon the court and these defendants.

Thereafter the defendants, appearing specially, served a notice to take depositions "to be used as evidence on the hearing of the plea in abatement and also upon the trial of the action." Such depositions were taken and many questions were asked by the attorneys for these specially appearing defendants as to the encounter, and in particular as to the presence or absence of the defendant Dunn and anything done or said by him in connection therewith. When the matter came on for hearing upon the plea in abatement the depositions were offered in evidence and the following action was taken by the trial court and order made:

"And thereupon the plea in abatement coming on for hearing, the court upon due consideration of the depositions of the witnesses offered in evidence by the said defendants, and of the argument of counsel, finds that under the allegations of the petition the question raised by said plea in abatement cannot be raised by such plea, but that said defendants must raise said question by answer as a question of fact to be determined by the jury.

"It is therefore ordered that said plea in abatement be and the same is hereby overruled. And the said specially appearing defendants are given twenty days from and after this date in which to plead to plaintiff's petition."

Later these defendants filed separate answers substantially the same as the plea in abatement, with the addition of a formal general denial.

When the case was regularly reached for trial the court ordered the jurisdictional question to be tried first and separate from the issues on the merits. The depositions and other testimony were introduced in evidence, the jury instructed, and the following verdict and answers to special questions were returned as to four of the defend-

ants, the court having disposed of the case by an order as to the other defendants appearing specially:

"We, the jury impaneled and sworn in the above case, do upon oath find that the plaintiff, W. J. Masemore, did not act in good faith in making H. H. Dunn a party defendant and in joining with him as defendants [naming defendants], and that the plaintiff, W. J. Masemore, did not have an honest belief that he had a cause of action against said defendants.

"1. Did the defendant H. H. Dunn participate in the assault on the plaintiff on the 18th day of July, 1925? A. No.

"2. Was the defendant H. H. Dunn in Coldwater at the time the assault on the plaintiff was made? A. No.

"3. Did the plaintiff, Masemore, at the time he commenced this action and had a summons served on H. H. Dunn in Sedgwick county believe in good faith that H. H. Dunn had participated in the assault which had been made on Masemore, or had any part in connection therewith, on the 18th day of July, 1925? A. No."

The court overruled the motion for new trial and rendered judgment for these defendants for costs. The cause of action between plaintiff and Dunn had not been tried at the time of this appeal.

Appellant insists that even if defendants were entitled to present the jurisdictional question as to service upon them, they waived that right by at least three different acts on their part—serving notice to take depositions on the merits as well as the jurisdictional issue, taking the same, and by the general denial in their answers.

Appellant also urges that the plea in abatement having been overruled, defendants were not entitled to a retrial or second trial thereof. As to this last ground it was not a retrial or second trial, because the order shows conclusively the court declined to try the plea in abatement, and for that reason overruled it. It involved an issue of fact and was a proper question for a jury, and the record does not justify any assumption or conclusion of the issue being tried a second time. Even if it were a second trial, the courts are open to hear and determine such matters presented in another form by different pleadings.

"Where a defendant upon a special appearance objects to the service he does not lose the right to have the overruling of his objection reviewed on appeal by afterward filing a plea in abatement in which jurisdictional and non-jurisdictional matters are united, or by contesting the plaintiff's claim on its merits." (*Shearer v. Insurance Co.*, 106 Kan. 574, syl. ¶ 4, 189 Pac. 648.)

On the question of waiver the appellant cites numerous authorities to the effect that pleading to the merits or taking any action in

court on the issue of the merits will constitute a waiver of the jurisdictional question, but they have reference to the merits as concern the specially appearing defendants and not, as in this case, to the merits of the case between the plaintiff and Dunn, where the merits as to him go to the good faith of the service upon him and the consequent validity of the service upon the other defendants. This distinction is clearly and forcibly shown in the second paragraph of the syllabus of *King v. Ingels,* 121 Kan. 790, 250 Pac. 306:

"Where nonresident defendants filed a motion to quash the service of summons in an action in which they were joined with a defendant upon whom valid local service of summons was obtained, an allegation in such motion that plaintiff's petition 'fails to state any cause of action against the said [local defendant] J. C. Burrus, and these [nonresident] defendants, or any of them,' is in substance a demurrer and has the effect of a general appearance in the action." (Syl. ¶ 2.)

Suppose one brings an action upon a note signed by A and B, nonresidents of the county, but to obtain service in the county joins C as a maker thereof. Will it not be pertinent to the jurisdictional question to show that C never signed the note and never had any connection with the transaction involved? Justice Brewer, in a similar case, *Meixell v. Kirkpatrick,* 29 Kan. 679, 682, said:

"The action was commenced in Wilson county, against Matthewson and Meixell. Matthewson was served in that county, and Meixell in Labette county. Now, if Matthewson and Meixell were improperly joined as defendants, and that fact was made to appear, and the single question of jurisdiction over Meixell presented, it may be conceded that no jurisdiction over Meixell was obtained, and that the plea to the jurisdiction should have been sustained."

The merits of which the appellant in this case complains are nearly all as to the issues between plaintiff and defendant Dunn, although some of the evidence would necessarily apply to the issues on the merits as to the other defendants. Yet we do not understand that because some of the facts may apply to all the defendants that it is necessarily an attempt to prove the merits as to these other defendants.

"A general appearance is not effected by the insertion, in a motion to set aside the service of summons, of allegations concerning some of the facts on which the plaintiff's claim is founded, which are made because of their bearing upon the validity of the service, and which are material to that question." (*Shearer v. Insurance Co.,* supra, syl. ¶ 3.)

"A defendant who is served with summons in a county other than the one in which the action is brought will not be held bound by such service if the

resident·defendant was joined for the purpose of obtaining jurisdiction of the person of the former and not in good faith to recover a judgment against him." (*Hawkins v. Brown,* 78 Kan. 284, syl. ¶ 4, 97 Pac. 479.)

The case of *Bentz v. Eubanks,* 32 Kan. 321, 4·Pac. 269, cited, is hardly in point because there the notice to take depositions was served by the plaintiff, and the court held the appearance of the defendant in response thereto was involuntary and therefore not a waiver. But in this case it was necessary for defendants appearing specially to take depositions in order to make their showing on the jurisdictional point, and substantially all the evidence taken was for that purpose. Cases from other jurisdictions show a difference of opinion on the question of taking depositions upon the merits as a waiver. But our courts have recognized the purpose for which papers are filed in court as helping to determine the question of waiver, as in *Poorman v. Carlton,* 122 Kan. 762, 253 Pac. 424.

We conclude that neither in letter nor spirit did the notice to take depositions, the taking of them, or the filing of the general denial in the answer with the plea to the jurisdiction have the effect of, or amount to, a waiver.

"Where a defendant to a civil action pending in a county other than that of his residence is served with a summons in such a way as to ·be an abuse of legal process, and the fraud being shown in time, the court will, upon proper proceedings, set aside the service.

"A party who denies the jurisdiction of a trial court over his person must present that question at as early a stage in the proceedings as is possible. If he cannot properly present the question of jurisdiction of the court by motion or plea in abatement, he may do so by answer. If he unites a defense to the merits in his answer with his plea to the jurisdiction, the trial court ought to settle the question of jurisdiction before proceeding to try the other issues in the case." (*Wells v. Patton,* 50 Kan. 732, syl. ¶¶ 3, 4, 33 Pac. 15. See, also, *Hembrow v. Winsor,* 94 Kan. 1, 145 Pac. 837; *Vann v. Railway Co.,* 103 Kan. 857, 176 Pac. 652.)

The judgment is affirmed.