No. 34,825

JOHN H. COX, *Appellant*, v. PABST BREWING COMPANY and PABST SALES COMPANY, *Appellees*.

(103 P. 2d 871)

Opinion filed July 6, 1940.

*C. L. Kagey, Hal M. Black* and *L. M. Kagey*, all of Wichita; for the appellant.

*Glenn Porter, Getto McDonald, Dwight S. Wallace* and *William Tinker*, all of Wichita, as *amici curiae*.

The opinion of the court was delivered by

DAWSON, C. J.: The single question in this appeal is whether the filing of a praecipe for a copy of plaintiff's petition has the effect of a general appearance in an action in which no service of summons had been or was likely to be effected.

On November 20, 1939, plaintiff filed in the district court of Sedgwick county against the Pabst Brewing Company and the Pabst Sales Company, foreign corporations, an action for the reformation of certain contracts and for judgment in the sum of $45,685. Summons delivered to the sheriff was returned on November 29, 1939, with his recital that none of the parties named was found in his county.

On the same day, a praecipe was filed in the office of the clerk of the district court as follows:

"IN THE DISTRICT COURT OF SEDGWICK COUNTY, KANSAS

John H. Cox, Plaintiff,

No. 105107

Pabst Brewing Co., a corp.,

& Pabst Sales Co., a corp., Defendant.

*To the Clerk of Said Court:*

" 'You will please prepare for the defendant for Deft a copy of the petition in said action.                                    HART, PORTER & McDONALD,

Attorneys for Defendant.' "

Appended thereto was an endorsement made by the clerk of the court as follows:

"App. Docket—FILED—Nov. 29, 1939—No. 299—page 90.

HAL W. McCOY, *Clerk.*

By KEM, Deputy."

On the praecipe itself was this recital:

"Copy, sent as per above, this 29th day of Nov., 1939. By HAZEL CLARK."

On the civil appearance docket in which the cause had been docketed was an entry, and charge of five cents was made for filing the foregoing praecipe in compliance with G. S. 1935, 28-117.

On the assumption that the foregoing constituted a general appearance, on December 21, 1939, counsel for plaintiff filed a motion to set the cause for trial. This motion was heard on December 28. Counsel for plaintiff were present. Defendants made no appearance, but Glenn Porter, of the law firm of Hart, Porter & McDonald, was permitted to appear *amicus curiae*, and he suggested that the question be briefed to assist the court. This was done, following which the court made a finding—

"That the signing and filing of said praecipe by the defendant through its counsel did not constitute a general appearance in said action, and the court finds that no service of summons has been had upon the defendants, or either of them, in this action, and that said defendants, nor either of them, have entered a general appearance in said action, and that for these reasons the plaintiff is not entitled to proceed to trial in this action."

From that finding and ruling plaintiffs bring this appeal.

Passing the intruding question whether the ruling complained of constitutes an intermediate appealable order, it would be a harsh rule of procedural law which would characterize the incident detailed above as a general appearance in the action. Counsel for appellant cite a decision by the Colorado court of appeals, *Brockway v. W. & T. Smith Co.*, 17 Colo. App. 96, 66 Pac. 1073, in an action properly begun against two defendants, where summons had

been served on one defendant but no service had been effected on the second defendant. The latter was held to have entered a voluntary general appearance because its attorney, after having entered a special appearance for the purpose of moving to quash a defective service of summons, which motion was sustained, demanded and obtained from the clerk of the court a copy of the complaint in the action, and caused the cost of the copy, being $2.10, to be taxed against the plaintiff. Some rather nice distinctions may be discernible between the Colorado statute and our own touching the matter of supplying copies of pleadings to parties concerned. In Colorado, the filing of a copy of plaintiff's petition is required by statute, and where that is not done, the clerk is authorized to make a copy at the request of the adverse party *and charge the cost to the litigant* who neglected to supply it. (Colorado Statutes, '35 C. S. A. c. 3, § 51.) In this state copies of pleadings need not be supplied by the litigants, but their respective adversaries are entitled to such, and if the clerk has to make them, the cost of each copy shall be *taxed among the costs of the action.* (G. S. 1935, 60-302.) Granting, however, that the instant case cannot be substantially distinguished from the Colorado case relied on, we prefer to follow the rule of procedural law announced by the federal court in *Hoyt v. Ogden Portland Cement Co.*, 185 Fed. 889, where it was held that under the New York practice, mere demand for a copy of the complaint by defendant in person or by attorney, if an appearance at all, would be a special, and not a general appearance. The court said:

"He [the defendant] is entitled to a copy of the complaint whether he does or does not appear. (Section 479.) A mere demand of a copy of the complaint by attorney or in person would be a special appearance if an appearance at all; clearly not a general appearance. Served with a copy of the complaint, he can then appear generally, or specially, to make any permissible motion he desires." (p. 892.)

This New York rule is more nearly in accord with our own analogous decisions than the Colorado case cited above. In our early case of *Beckwith v. K. C. & O. Rld. Co.*, 28 Kan. 484, it was held, among other matters of no present significance, that the filing of praecipes for subpoenas for witnesses did not transform a special appearance into a general appearance.

In *Bentz v. Eubanks*, 32 Kan. 321, 4 Pac. 269, the syllabus summarizes the facts and our decision:

"Where a party employs an attorney and pays him a fee to attend to depositions, the notice of taking of which has been served upon him, and the attorney, in pursuance of such employment, attends at the time of the taking of the depositions, and represents the party employing him, and such depositions are not taken before the judge or clerk of the court where the case is pending, *held,* that this is not a voluntary appearance by the party to the merits of the controversy, or any other appearance recognizing the general jurisdiction of the court in which the case is pending, and the appearance at the taking of depositions does not cure the irregularities of a summons improvidently issued."

See, also, *Masemore v. McCrary,* 128 Kan. 461, 278 Pac. 705; *City of Coffeyville v. Wells,* 137 Kan. 384, 20 P. 2d 477.

It is quite true that our reports are replete with cases showing how easily a special appearance may be converted into a general appearance, as where parties specially appearing to interpose jurisdictional objections joined therewith certain legal questions involved in the merits of the action. (*Meador v. Manlove,* 97 Kan. 706, 710, 156 Pac. 731, and citations; *Linn v. Houston,* 123 Kan. 409, 255 Pac. 1105; *Matthies v. Union Products Co.,* 138 Kan. 764, 28 P. 2d 754.)

In *Rice & Co. v. Pike,* 117 Ohio St. 521, 160 N. E. 90, it was held that "a written waiver of service of summons in the court of common pleas does not constitute a written waiver of service of summons in the court of appeals," and that an "acceptance in writing of notice that a brief is filed or to be filed in a cause does not constitute an entry of appearance."

In the opinion it was said:

"As to what constitutes a general appearance, it is sometimes stated in broad terms that any action on the part of the defendant except to object to the jurisdiction of his person, which recognizes the case as in court, will constitute a general appearance. (4 Corpus Juris, 1333.)

"A better statement of the rule is that a general appearance must be expressed or must arise by implication from the defendant seeking, talking or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to the plaintiff, other than one contesting the jurisdiction only. (*Fulton v. Ramsey,* 67 W. Va. 321, 68 S. E. 381, 140 Am. St. Rep. 969.)

"An examination of the cases cited to the text of 4 Corpus Juris, 1333, shows that the statement above quoted from that authority is far too broad, and that the action which was held in the cases cited to constitute entry of an appearance was affirmative action on the part of the defendant which appeared upon the record or in the proceedings before the court, such as procuring a stay of execution, an appearance by a garnishee through his attorney, a consent to adjournment, a motion to amend the return of summons, the giving of notice and taking of depositions, the service upon the plaintiff of interrogatories regularly entitled in the cause by the defendant, the filing of a general de-

murrer, testifying as a witness in defendant's own behalf, giving bail, filing a petition praying that the case be opened and reheard on the facts by one not served, execution of a redelivery bond, a motion for change of venue, signing of recognizance, a motion to file and use transcript in appeal cases, and acts of the same similar affirmative character." (p. 528.)

The judgment of the district court was correct and is affirmed.

HARVEY and SMITH, JJ., dissent.