No. 31,397

PETER CARL MATTHIES, *Appellee*, v. THE UNION PRODUCTS COMPANY, *Appellant.*

(28 P. 2d 754.)

Opinion filed January 27, 1934.

*Arnold C. Todd, Julian E. Ralston, Ralph Gore* and *James G. Norton,* all of Wichita, for the appellant.

*Chester I. Long, W. E. Stanley, Claude I. Depew, W. C. Hook* and *Albert P. Blase,* all of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an action to set aside a judgment rendered on default. On June 8, 1932, a judgment was rendered in favor of Peter Carl Matthies against the Union Products Company, and F. M. Corl, its manager. The defendants did not answer or appear, and after proof by plaintiff of his claim judgment was rendered in his favor. On January 28, 1933, defendants filed a motion to vacate the judgment, alleging that the court was without jurisdiction in that the service upon defendant was insufficient and void, that the return of service made by the sheriff was inadequate and without effect, and further there was a contention that the petition did not state a cause of action against the defendants. Upon the testimony taken on the motion the court ruled that the motion should be sustained as to F. M. Corl. This was done with plaintiff's consent, but the court overruled the motion as to the Union Products Company. That company has appealed from the decision.

The fact that service of summons was made upon F. M. Corl, as

the representative and agent of the Union Products Company, was amply established by the evidence. The return of the sheriff relating to service was in substance that a copy of the summons was served upon F. M. Corl, personally, and also as the representative and agent of the company; that no one had been designated by the company upon whom service might be made, and that service was made upon Corl as the agent and representative of the company in Wichita, where Corl, as general manager, was doing business for the company, and was held out to the public by the company as their agent and representative at Wichita. That he was the general manager of the company, which had its headquarters in Cleveland, Ohio, is conceded, and that Corl was doing business for the company at Wichita, where and when he was served, was well shown. It was also admitted or proven that the company was selling its products throughout Kansas, and while it did not have a warehouse or dispensary for its products in Kansas, it had had dealings with its customers in the state, and that its general manager was doing business, at the time he was served, in adjusting a controversy with a customer in Wichita. Besides this, he came to Kansas representing the company, not only to settle the controversy in Wichita, but for the purpose of settling a controversy in Valley Falls, Kan., and still another at Hutchinson, Kan., and, as we have seen, was adjusting a controversy with a customer when he was served. When the summons was handed to Corl as agent of the company he was told that it was a summons; he took it but then threw it into a trash basket. On the testimony as to the vacation of the judgment, the trial court, after a hearing and a rehearing, upheld the service and denied the motion of the company.

The first and controlling question in the case is: Did the defendant waive defects in the service, if any there were, when it challenged the validity of the judgment upon nonjurisdictional as well as jurisdictional grounds?

The motion to vacate was upon the alleged grounds that the service was defective and void and, also, that the facts stated in the petition did not state a cause of action in favor of plaintiff and against the defendants. This is shown by the defendant's brief on this appeal. It states the steps taken by it in the motion to vacate, and after calling attention to jurisdictional defects, it stated that the judgment was void for the reasons:

(a) "The court was without jurisdiction to render judgment"; and (b) "The petition did not state facts to constitute a cause of action in favor of appellee and against appellant, and F. M. Corl."

Where a defendant in a motion to vacate a judgment challenges the sufficiency of the petition as to stating a cause of action, it constitutes a general appearance and a waiver of objections that defendant had not been properly or legally served with a summons as fully as if he had appeared and answered on the merits of the action. This has been the settled law in this state from the earliest cases to the present time. The fact that a party may designate his motion as a special appearance to raise jurisdictional questions only will not prevent the invoking of action of the court upon a subject matter of the suit, a nonjurisdictional matter, from operating as a waiver of the jurisdictional objections raised. In the early case of *Cohen v. Trowbridge*, 6 Kan. 385, it was decided that:

"A motion in a cause based wholly on an alleged want of jurisdiction is not an appearance generally, or a waiver of any irregularity in the proceedings by which a party is attempted to be brought into court; but a motion, grounded wholly or in part upon error in the judgment, or upon irregularities, aside from the question of jurisdiction, is such waiver as constitutes an appearance." (Syl. ¶ 3.)

In another case where a defendant who claimed that he was not served with summons and a judgment was rendered against him filed a motion to vacate the judgment because of that defect and also added to the motion the ground that the plaintiff did not state facts sufficient to uphold the judgment, it was held that the motion, though called special, was in fact a general appearance, and it was decided:

"Where a party against whom a judgment is rendered files a motion to vacate such judgment as void, and such motion is based upon nonjurisdictional as well as upon jurisdictional grounds, held, that thereby such party enters a general appearance, although in the motion he says that he specially appears." (*Burdette v. Corgan,* 26. Kan. 102, syl. ¶ 1.)

In *Life Association v. Lemke,* 40 Kan. 142, 19 Pac. 337, where it was contended that a judgment rendered against the corporation should be set aside because the officers served were not officers of the company upon whom service could be made, and they added to the motion to set aside the judgment the ground that the plaintiff's petition did not state facts sufficient to constitute a cause of action against the defendant, it was held, in consonance with the earlier decisions, that their motion to set aside the judgment, including nonjurisdictional grounds, operated as a waiver of the question of

jurisdiction and made the defendants parties to the action as if they had voluntarily appeared at the trial.

In *Investment Co. v. Cornell*, 60 Kan. 282, 56 Pac. 475, a judgment against a corporation was rendered by default. Later defendant filed a petition for a new trial under the code in which it attacked the judgment upon the ground that no summons had been served upon it, and in the petition asked to have the judgment vacated on the nonjurisdictional ground that there was no consideration for the note upon which the judgment was rendered. It was held that by contesting the judgment on other than jurisdictional grounds the corporation had entered a general appearance in the action and waived all defects in the service of summons.

The case of *Barnett v. Insurance Co.*, 78 Kan. 630, 97 Pac. 962, holds with the general trend of authorities that a motion by a defendant to set aside a judgment rendered against him which contains both jurisdictional and nonjurisdictional grounds constitutes a general appearance in the case. (See, also, *Schultz v. Stiner*, 97 Kan. 555, 155 Pac. 1073; *Helm v. Railway Co.*, 109 Kan. 48, 60, 196 Pac. 426, 198 Pac. 190; *Harris v. Oil Co.*, 110 Kan. 532, 538, 204 Pac. 754; *Marler v. Mortgage Co.*, 111 Kan. 488, 493, 207 Pac. 823.)

While the defendant insists that his appearance on the motion to vacate was special, and further that the court did not pass on the nonjurisdictional ground, the record discloses that defendant persisted in pressing the court to decide that question. The court first responded that it had not carefully read and considered the petition, but was of the opinion the defendant was too late in raising the question on its motion. Counsel for defendant then said:

"Then you are overruling it also for that reason?"

"THE COURT: That is part of the reason."

"COUNSEL: I wanted the court to make a ruling of this kind, vacating this judgment because it is a void judgment. I claim one of the reasons is because there is no cause of action stated in the petition. Do I understand you are overruling my motion for that reason as well as these others?"

"THE COURT: Both."

Thus we see that defendant clinched the nonjurisdictional ground to its demand and was not satisfied until a ruling was obtained leaving no question that it amounted to a general appearance and waived the defects, if any existed, in the service of summons upon the defendant.

The view we have reached makes it unnecessary to consider the

question of the validity of the service upon the defendant and other questions discussed in the brief. The judgment is affirmed.

Hutchison, J., not sitting.