Enos Book, Appellee, v. E. H. Ewbank, Appellant.
E. H. Ewbank to the use of Enos Book, Appellant, v. Thomas Ewbank, Executor, and Hannah Book, Executrix of Last Will and Testament of Levinus Ewbank, Deceased, Appellees.

Gen. No. 9,687.

Heard in this court at the May term, 1941.  Opinion filed August 7, 1941.  Rehearing denied August 30, 1941.

SHELDON & BROWN, of Sterling, for appellant.

I. L. WEAVER and EDWARD F. MEE, both of Sterling, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

On October 23, 1939, Enos Book filed a complaint and cognovit in the circuit court of Whiteside county, on a promissory note of $2,000 executed by E. H. Ewbank on February 26, 1920, in which Enos Book was named as payee. The note was due one year after date, and made payable at the Sterling National Bank in Sterling, Illinois, with 6 per cent interest from date

until the note was paid. The note also contained a power of attorney which appoints any attorney to appear in any court of record, in any State, in term time or vacation, at any time after date of note, and waive service of process and confess a judgment in favor of the holder of the note for the amount thereof and interest, and costs. A judgment was entered in favor of plaintiff for $4,360.

An execution was issued on said judgment and delivered to the sheriff. The sheriff made his return, ''No property found, no money made, and not satisfied.'' On November 6, 1939, Enos Book instituted a garnishment proceeding against Thomas Ewbank, executor, and Hannah Ewbank, executrix, of the last will and testament of Levinus Ewbank, deceased. A summons was issued and the executor and executrix filed their answer. A hearing was had upon the complaint and answer, and the court entered an order finding that the executors had in their possession $1,133.33 due E. H. Ewbank, but which is subject to Ewbank's share of the costs and expenses in the administration of the estate. On January 3, 1940, a judgment was entered upon the findings of the court.

On March 29, 1940, the defendant, E. H. Ewbank, filed his affidavit in said court, and asked leave to open up the judgment entered on October 23, 1939, and leave to plead in said case.

In his affidavit supporting his motion, he states that he is a resident of the State of Michigan; that he had not been a resident of the State of Illinois, since 1912; that the note on which judgment was entered was executed in the State of Indiana on or about February 16, 1920, and was due February 16, 1921; that the $2,000, the consideration for the note, was paid to him in the State of Indiana; that no part of the principal or interest has ever been paid; that the note was barred by the statute of limitations prior to October 23, 1939; that the circuit court of Whiteside count\,

was without jurisdiction to enter judgment on said note; that the note shows on its face that it was due February 16, 1921; that the affidavit made a part of the complaint states, that the defendant is a resident of the State of Michigan, but neither the complaint nor the said affidavit sets forth any facts which toll the running of the statute of limitations, or bring it within any of the statutory exceptions to the bar of the statute of limitations, which became effective February 16, 1931. On a hearing on said motion and the answer of the plaintiff, the court sustained the motion to open up the judgment, and granted the defendant leave to plead. The judgment heretofore entered was ordered to stand as security for the debt. On June 5, 1940, the defendant filed his answer which states that he appears specially by his attorney to object to the court's jurisdiction of the person of the defendant. The answer then states facts practically the same as set forth in his affidavit and motion for leave to open up the judgment, and for leave to plead. A hearing was had before the court on September 12, 1940, at which time the court found the issues in favor of the plaintiff, and ordered that the judgment in favor of the plaintiff and against the defendant, be confirmed.

E. H. Ewbank filed a motion and an amended motion on November 5, 1940, in the garnishment suit wherein he moved that the judgment entered on January 3, 1940, and the summons and return thereof, be quashed, and the affidavit for garnishment and summons be stricken from the files, because the garnishment was premature and could not reach the proceeds of a sale of land which was sold by the executors subsequent to the service of the garnishment writ, and that the garnishment proceeding, including the conditional judgment is unauthorized, illegal and void.

He states as additional grounds for said motion that the transcript sets forth that the request for sum-

mons in the garnishment proceeding is against Thomas Ewbank, executor, and Hannah Book, executrix, and pursuant to said request that the summons was so issued; that the affidavit and garnishment states that, "Affiant has just reason to believe that Thomas Ewbank, executor, and Hannah Ewbank, executrix, etc., of the last will and testament of Levinus Ewbank, deceased, are indebted to said defendant, and have effects and estate of said defendant in their possession, custody and charge''; that the affidavit prays that said parties may be summoned as garnishees, and that the affidavit names a different party than the request for summons. The affidavit and pleadings are quite lengthy, but these are the material parts of the pleading. A hearing was had upon the motion to dismiss and the same was overruled. The court then entered an order finding that Thomas Ewbank, executor, and Hannah Book, executrix, are justly indebted to E. H. Ewbank for the use of Enos Book $1,070, including costs, upon which this judgment was predicated, and judgment was entered in accordance with the finding. Said judgment to be paid in the due course of administration. It is from this order that the appeal is prosecuted.

It is first insisted that the court did not have jurisdiction to enter judgment against the defendant, E. H. Ewbank, on the promissory note because it showed on its face that the statute of limitations had run against the note, and therefore any judgment entered upon the note is void. The stipulation entered into between the parties shows that the note was signed, and the $2,000, the face of the note, was paid to E. H. Ewbank in the State of Indiana; that at the time the note was executed, Ewbank lived in the State of Indiana, and has lived in that State and the State of Michigan ever since the note was signed, and that at no time since the note was signed until the judgment was taken, did Ewbank live in the State of Illinois, or has been

present in this State. It is also stipulated that the note was made payable at Sterling, Illinois. It is on these facts that the appellant relies that the statute of limitations had run against the note. The appellee claims that on account of the defendant being absent from the State ever since the note had been signed, and the fact that the note was made payable at Sterling, Illinois, the running of the statute was tolled, and he did not lose his cause of action. In the early case of *Story v. Thompson,* 36 Ill. App. 370, the same question was before this court. The makers of the notes were residents of the State of Wisconsin. They executed the notes on October 13, 1875. The payee of the note resided at Galena, Illinois, and had continued to reside there. The notes were made payable in Galena, Illinois, at the First National Bank. Judgment by confession was taken upon the notes at Galena, Illinois. The defendants filed several pleas, and claimed that the statute of limitations of the State of Wisconsin controlled the collection of the notes, and that by said statute, no action could be brought against them. They claimed that the notes were executed and delivered in the State of Wisconsin. They also claimed that the ten years statute of limitations of the State of Illinois was a bar to the action. The court discussing the law relative to the case, used this language: "We think, clearly, in accordance with the provisions of Section 18, the cause of action was not barred in this State. This section was enacted for the benefit of the residents of the State of Illinois, holding claims against persons residing outside the State, coming due while such persons are out of the State, no matter if such debtor had never been in the State, as well as to such debtors who resided in the State, and after the claim became due or the cause of action accrued going out of the State.

"We can scarcely imagine how the language of the statute could have been plainer to effect such purpose than it is. The object of the statute was to favor resi-

dents of this State as against residents of other states, territories and foreign nations, and to relieve them from the necessity of following their debtors all over the United States and its territories, and foreign countries, compelling them to sue in the forum where such debtor resides or may be found, if found at all, under pain of losing their debts by the running of the statute of limitations. Nearly if not every State in the Union has a similar statute and exception in favor of its own citizens. When we also consider the exception at the close of Section 18, providing that 'the foregoing provisions . . . shall not apply to any case, when, at the time the cause of action accrued, or shall accrue, neither the party against or in favor of whom the same accrued or shall accrue, were or are residents of this State,' we are forced to the conclusion that the statute meant exactly what it said, and meant it to apply only to residents of this State, either debtor or creditor, having claims accruing to the creditor or against the debtor. The implication clearly is, if the section should apply to no others, it was intended to apply to them.''

This case was cited and quoted with approval in *Orschel v. Rothschild,* 238 Ill. App. 353, and in *Thornton v. Nome & Sinook Co.,* 260 Ill. App. 76. It is our conclusion that the absence of Ewbank from the State tolled the statute of limitations, and this was not a bar to the action.

It is next insisted that the judgment is void because the face of the note showed that the statute of limitations had run against it, and that before the court could have jurisdiction in the matter there must be facts and circumstances brought to the attention of the court by affidavit or otherwise, to show the reason why the statute of limitations did not run against the note, but had been tolled. Appellant as his authority for this position cites the case of *Matzenbaugh v. Doyle,* 156 Ill. 331. An examination of that case discloses that the court did say that in cases of judgment by confes-

sion where it appears on the face of the pleadings that the statute of limitations had run against the note, there should be something to show wherein the statute of limitations had been tolled, for without that, the judgment was void. An examination of the facts in this case discloses that the judgment was confessed before the clerk of the court who is purely a ministerial officer. We think a different rule applies to the confession of a judgment in open court, and one before the clerk of the court. In the case of *Lesher v. United States Fidelity & Guaranty Co.*, 239 Ill. 502, the plaintiff started a suit against the bonding company on a bond, and in their declaration set forth facts to show why the statute of limitations had not run against the cause of action. The Supreme Court speaking through Mr. Justice FARMER, uses this language: "In actions at law it is not in accordance with the rules of pleading for the plaintiff to anticipate and attempt to answer or avoid a possible defense that might be interposed by plea. He is only required to state his cause of complaint, and anything beyond this is surplusage. That a cause of action is barred by limitation, whether the limitation is by contract or by act of the legislature, is a defense which may or may not be interposed. Although it may appear on the face of the declaration that the cause of action is barred if that defense is interposed, yet at law, if it is not relied upon as a defense by pleading it specially, it can not be taken advantage of by the defendant, the plaintiff not being required to negative the defense in his declaration, as is the rule in chancery." This case has been cited frequently by our Appellate Courts, and has been universally followed. It is our conclusion that it was not necessary or proper for the plaintiff, at the time he took the judgment, to state any facts negativing the running of the statute of limitations.

The power of attorney attached, was a part of the note sued upon, and authorizes any attorney of any court of record to appear for the maker of the note in

any court of record in any State, or territory in the United States in term time or vacation, or at any time after date thereof, and waives service of process and to confess a judgment against him in favor of the legal holder of the note for the amount due etc., and agrees therein that no writ of error or appeal shall be prosecuted upon the judgment entered etc., and to release all errors that may intervene in the entering up of said judgment etc. It was held in the case of *Bush v. Hanson*, 70 Ill. 480, that where it appears from the judgment order that a declaration, warrant of attorney and affidavit of its execution, the note and cognovit by the attorney authorized, were filed, the defendant in the judgment was before the court by appearance by his duly authorized attorney, and a case of jurisdiction was then presented and was enough to set the court in motion to hear and determine the issues in the case. When the appellant filed his motion to open up the judgment, and for leave to plead, he did not limit his appearance for that purpose. A special appearance must be for the purpose of urging jurisdictional objection only, and must be confined to a denial of jurisdiction. An appearance for any other purpose than to question the jurisdiction of the court is general and waives jurisdictional objections. The rule is, that if a party wishes to question anything but the jurisdiction of the court in such a proceeding, he must limit his appearance for that purpose only. The appellant in filing his motion, not only questioned the jurisdiction of the court, but asked leave to plead to the merits of the case, and by so doing entered his appearance in the suit.

A warrant of attorney to confess judgment is of common law origin. The entry of a judgment by a cognovit thereunder, is a proceeding according to the course of the common law which courts have entertained in the ordinary exercise of their authority as courts of general jurisdiction, *Bush v. Hanson, supra.* (Chitty's Blackstone (1827) Vol. 2, Page 313.) The

fact that the statute has regulated the mode of procedure, does not convert the proceeding into a special statutory character so that the same presumptions do not obtain, as in the case of ordinary judgments of superior courts of general jurisdiction. Where a judgment is confessed in open court, the presumptions are in favor of the regularity of all of the proceedings. There is no such presumption in a judgment confessed before a clerk of the court. In the latter case all facts must appear in the record, but in the former it will be presumed to have been done. (*Iglehart v. Chicago Marine & Fire Ins. Co.*, 35 Ill. 514, page 515.)

It is also insisted that the court erred in rendering judgment in the garnishment proceeding, because there was a variance in the names of the executor and executrix mentioned in the affidavit for garnishment, and the summons in the suit from the parties that the judgment was rendered against. In the affidavit and request for summons, the names were stated to be "Thomas Ewbank and Hannah Ewbank, Executor and Executrix of the Last Will and Testament of Levinus Ewbank, Deceased, whereas the judgment which was rendered was against Thomas Ewbank, Executor, and Hannah Book, Executrix etc." In support of this contention, the appellant cites *Kunde v. Prentice,* 329 Ill. 82. In that case the affidavit and garnishment writ recited that August Kunde obtained a judgment against Prentice and that affiant believes that Mrs. John *Lainbert* was indebted to the defendant. An order of default was entered against Mrs. John *Lambert* in favor of Augusta Kunde. Mrs. John Lambert defaulted, and the court entered a judgment against her for the amount the court found she owed Augusta Kunde. Later Mrs. John Lambert filed a motion to vacate said judgment, and an affidavit in which she stated she did not owe Augusta Kunde anything, and set forth reasons why she did not contest the case at the time of the hearing before the court. The court held that the variance in the names, if properly raised

before the court, was fatal to the plaintiff's case. It will be observed in the *Kunde* case that the judgment was against Mrs. John Lambert, and she was the one who was questioning the regularity of the garnishment proceeding. In the present case a summons was issued against Thomas Ewbank and Hannah Ewbank as executor and executrix of the last will and testament of Levinus Ewbank, deceased. Thomas Ewbank and Hannah Book, the executor and executrix of said estate, filed their answer in which they stated that they had funds in their hands which were due and owing to E. H. Ewbank, the appellant. The executor and executrix are not claiming anything in this litigation. The purpose of the summons in the garnishment proceeding was to have Thomas Ewbank and Hannah Book, the executor and executrix of the estate of Levinus Ewbank, deceased, come into court, and if they cared to waive the defect in the summons and file their answer, they were at perfect liberty to do so. At the time of the hearing the proper parties were before the court. The appellant does not contend that the executor and executrix are not holding property that properly should be paid to him. We think the court properly held that it had jurisdiction of the parties and the subject matter of the suit.

The appellant also contends that the garnishment act provides for the commencement of the garnishment proceeding only on the affidavit of the plaintiff, or some other credible person, and there is no showing in the present case that the man who made the affidavit for the garnishment proceeding is a credible person. In the case of *Kunde v. Prentice, supra,* this contention was also raised and decided adversely to the contention of the appellant. We find no merit in his contention.

It also claimed that there was no property subject to garnishment in the hands of the executor at the time the garnishment proceedings were instituted. The

executor and executrix filed their answer, and stated that they had certain sums in their possession which belonged to the appellant, Ewbank. We find no merit in this contention because the executor and executrix when they filed their answer, stated that they did have money in their possession, which belonged to the appellant, Ewbank.

We find no reversible error in the case, and the judgment of the trial court will be affirmed.

*Affirmed.*