94 So.2d 194

**Willie Mae DUKE et al.**

v.

**SCOTCH LUMBER COMPANY, Inc.**

**1 Div. 698.**

Supreme Court of Alabama.

April 4, 1957.

Grady W. Hurst, Jr., Chatom, for appellants.

Adams, Gillmore & Adams, Grove Hill, for appellee.

STAKELY, Justice.

On January 25, 1956, Scotch Lumber Company, Inc., (appellee) filed a bill of complaint in the Circuit Court of Clarke County, in Equity, against Willie Mae Duke and Hilton Duke (appellants), praying for an injunction restraining respondents from cutting or removing any timber from lands, more particularly described in the bill of complaint, and alleged to be owned in fee by the complainant. The bill further alleges that respondents have declared their intentions to cut timber from all or some portions of the land and have actually commenced cutting timber from a portion of the land. Upon presentation of the bill to the circuit judge, he directed the injunction issue upon complainant entering into bond in the sum of $600. Bond was filed and approved, the writ of injunction and the sum-

mons issued on the bill and both respondents were served with summons and writ of injunction on January 25, 1956.

On March 17, 1956, no pleading having been filed by either of the respondents, decrees pro confesso were entered against them by the register on motion of the complainant and the cause was submitted on request of complainant for final decree. Final decree was entered March 19, 1956, making the injunction permanent and directing that a copy of the decree be served on each respondent. Both respondents were served with copies of this final decree on March 29, 1956.

On April 16, 1956, respondents presented to the judge a motion to set aside the final decree, the submission and the decrees pro confesso and sought leave to file an answer and cross bill. The allegations of the motion sought to excuse respondents for failure to plead within the time allowed and alleged that the respondents each had a meritorious defense. Upon presentation of this motion to the judge he appointed a day for hearing the motion and entered an order suspending the decree pending a hearing on the motion.

On the appointed day testimony was taken orally in open court before the judge. At this hearing it appears that the judge concerned himself primarily with the allegations as to whether appellants did in fact have a meritorious defense to the suit. On the testimony presented the judge concluded that the appellants could not show any valid claim to the land in question "and that it would not avail them anything for the court to set aside this decree." The motion was denied.

This appeal is from the decree of March 19, 1956, making the injunction permanent and also from the decree of August 23, 1956, overruling the motion to set aside the previous decree.

A considerable amount of testimony was taken on the motion but the judge found that appellants showed no such claim of ownership or even of previous posses-

sion as to indicate that any injustice had been done them by the rendition of the decree. Hence the trial judge declined to restore the case to the docket.

Basically we must consider that the court denied the motion and that under Equity Rule 62, Code 1940, Tit. 7 Appendix, the appeal from the decree overruling the motion must be dismissed. Equity Rule 62, Linn v. Linn, 242 Ala. 688, 8 So.2d 187. The rule expressly provides that no appeal will lie from the order on the motion unless it modifies the decree.

This leaves us with an appeal from a final decree based on decrees pro confesso. The decree on the motion is not subject to review by assignment of error made on appeal from the final decree. Whitman v. Whitman, 253 Ala. 643, 46 So. 2d 422. So far as the appeal from the final decree based on the decrees pro confesso is concerned, we see no reason why the decree of the lower court should not be affirmed.

Dismissed in part and in part affirmed.

LIVINGSTON, C. J., and MERRILL, J., concur.

LAWSON, J., concurs in the result.