100 So.2d 1

Mary Barbara VAUGHAN

v.

Henry A. VAUGHAN.

2 Div. 359.

Supreme Court of Alabama.

Nov. 7, 1957.

Application for Rehearing Withdrawn Feb. 13, 1958.

Clifford J. Durr, Montgomery, for appellant.

Harry W. Gamble and Wilkinson & Wilkinson, Selma, for appellee.

LAWSON, Justice.

In a decree entered on March 3, 1949, the circuit court of Dallas County, in equity, granted to Henry A. Vaughan an absolute divorce from his wife, Mary Barbara Vaughan, on the ground of voluntary abandonment and awarded to him the custody of their two minor daughters.

More than six years thereafter, on June 20, 1955, Mary Barbara Vaughan, without limiting her appearance, filed in the same court her motion wherein she prayed that the decree of March 3, 1949, be vacated in its entirety and, in the alternative, she prayed that the custody provisions of that decree be vacated if she be mistaken in her right to have the entire decree set aside.

On September 15, 1955, the trial court entered a decree wherein the motion to vacate was denied. From that decree Mary Barbara Vaughan has appealed to this court.

In the bill filed by Henry A. Vaughan it was averred that the place of residence of the respondent, Mary Barbara Vaughan, was unknown and could not be ascertained after reasonable effort. Service was sought to be had on the respondent by publication. She did not appear in the action either in person or by attorney and the cause was submitted for final decree on "the Original Bill of Complaint, the decree pro confesso against the Defendant and the testimony as shown by note of submission."

The only authority of the trial court to set aside a final decree on motion made after thirty days is on the ground that the decree is void on the face of the record for want of jurisdiction of the subject matter or of a party. Capps v. Norden, 261 Ala. 676, 75 So.2d 915; Griffin v. Proctor, 244 Ala. 537, 14 So.2d 116; Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184. The lapse of more than six years would not affect the right to have the decree vacated. Not even the lapse of twenty years can cure such a decree. Anthony v. Anthony, 221 Ala. 221, 128 So. 440; Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820. Nothing said in our recent case of Ashley v. Ashley, 255 Ala. 313, 51 So.2d 239, was intended to reflect upon our holding in the Anthony and Wilkerson Cases, supra. In the Ashley Case, supra, we were not dealing with a contention that the divorce decree under consideration was void on the face of the record because of want of jurisdiction of the subject matter or of a party.

The appellant strenuously argues that the trial court erred in not sustaining those grounds of her motion to vacate the decree of March 3, 1949, which averred the trial court's lack of jurisdiction to render the final decree against her because the court had not acquired jurisdiction of her person in view of a failure to comply with certain of the requirements of Equity Rule 6 as to service by publication.

The view which we take of this insistence does not require us to give consideration to the several grounds of the motion which take that point for the reason that the appellant, the respondent below, in her said motion did not limit her appearance and she included nonjurisdictional as well as jurisdictional grounds in her motion to vacate. For instance, some of the grounds of the motion take the point that the decree pro confesso was prematurely entered and therefore the final decree is void. But we have held that the premature entry of a decree pro confesso does not invalidate the final decree. Such action is merely an irregularity which must be raised on appeal. Anderson v. Anderson, 250 Ala. 427, 34 So. 2d 585; Pearce v. Kennedy, 232 Ala. 107,

166 So. 805; Vary v. Thompson, 168 Ala. 367, 52 So. 951.

We hold that the respondent below, the appellant here, by not limiting her appearance and by including nonjurisdictional as well as jurisdictional grounds in her motion to vacate which, as shown above, was filed long after the expiration of thirty days from the date the original decree was entered, has made a general appearance and has thereby waived any defect or insufficiency of service. Aetna Insurance Co. v. Earnest, 215 Ala. 557, 112 So. 145; Book v. Ewbank, 311 Ill.App. 312, 35 N.E.2d 961; Gale v. Consolidated Bus & Equipment Co., 251 Wis. 642, 30 N.W.2d 84; Richardson v. First National Bank of Seminole, 186 Okl. 203, 97 P.2d 39; Shelley v. Casa De Ora, 133 Cal.App. 720, 24 P.2d 900; Matthies v. Union Products Co., 138 Kan. 764, 28 P.2d 754; Case v. Smith, 215 Mo.App. 621, 257 S.W. 148; Beachler v. Ford, 77 Ohio App. 41, 60 N.E.2d 330; Hall v. Jordan, 190 Tenn. 1, 227 S.W.2d 35.

Our holding here is not in conflict with the holdings in Sweeney v. Tritsch, supra, and in Ex parte Haisten, 227 Ala. 183, 149 So. 213. In the Sweeney Case the motion to vacate contained only jurisdictional grounds and it is generally agreed that a motion for the vacation of a judgment or decree solely on the ground of a want of jurisdiction of the person does not operate as a general appearance by the movant. 6 C.J.S. Appearances §§ 12g(2) and 23; 3 Am.Jur., Appearances, § 4; 31 A.L.R.2d 266, 267. In the Haisten Case we did not follow the Aetna Insurance Co. Case, supra, because the motion to vacate was filed within the thirty-day period during which the trial judge has the right to set aside a default judgment if in its opinion the ends of justice require such action and because it was specifically stated in the motion that the defendant appeared "specially for the purpose of making its motion, and for no other purpose, and without submitting itself to the jurisdiction of the court, and without entering a general appearance."

The remaining grounds of the motion to vacate are to the effect that the final decree is void because (1) the note of testimony was not properly signed; (2) the testimony of the complainant, Henry A. Vaughan, was not under oath and was taken before the cause was at issue (See Ex parte O'Barr, 247 Ala. 135, 22 So.2d 912); (3) the testimony of Henry A. Vaughan, the only witness examined, was taken before a person who was without authority or jurisdiction to take such testimony in that at the time the testimony was taken no commission to take testimony had been issued; (4) there was no legally admissible evidence offered in support of the averments of the bill, the testimony of Henry A. Vaughan being only his unsupported and uncorroborated statement; and (5) the bill of complaint was taken and held as confessed in all its charges and allegations without any proof of the allegations of the bill of complaint as required by Equity Rule 32.

The jurisdiction of divorces is vested in courts of equity by statute, and as to that subject they are courts of special and limited jurisdiction. The existence of jurisdictional facts is not inferred from the mere exercise of jurisdiction, but must affirmatively appear from the record. Martin v. Martin, 173 Ala. 106, 55 So. 632; Partlow v. Partlow, 246 Ala. 259, 20 So.2d 517. But this court has held that on collateral attack when the record shows that the jurisdiction has been invoked by an appropriate complaint and that jurisdiction of the parties has been properly acquired, "the subsequent action of the court thereon is of the same dignity and subject to the same supporting presumptions of regularity and legal propriety as if the cause were one within its original and general jurisdiction." Johnson v. Johnson, 182 Ala. 376, 384, 62 So. 706, 709. See Crimm v. Crimm, 211 Ala. 13, 99 So. 301.

There is no question in this case but that jurisdiction of the trial court was invoked by an appropriate complaint and the action of the appellant, the respondent below, in

appearing without limiting her appearance and by including nonjurisdictional as well as jurisdictional grounds in her motion to vacate has thereby waived any defect or insufficiency of service, as we have heretofore shown. Hence, we approach a consideration of the grounds of the motion last referred to above in the same way as if the questions were within the court's original and general jurisdiction.

In Capps v. Norden, supra, where the final decree followed a decree pro confesso and a motion to vacate was thereafter filed, we said in part as follows:

"We come next to the effect of a final decree without a note of testimony as required by Equity Rule 57, as amended by the Act approved July 6, 1945, General Acts 1945, page 563, pocket part, Code.

"While it is quite true that the rule is mandatory and cannot be waived, this Court has not held that a decree is void without such a note of testimony. The effect is that on appeal a decree will be reversed if testimony is necessary to show a right to the decree and there is no such note. It is as though the decree was rendered without any testimony to support it. Huguley v. Huguley, 238 Ala. 495, 192 So. 52; Brassell v. Brassell, 205 Ala. 201, 87 So. 347 [a divorce case]; Lunday v. Jones, 204 Ala. 326, 85 So. 411; Reese v. Barker, 85 Ala. 474, 5 So. 305.

"*In none of the cases do we find it was held that a final decree which needed evidence to support it was void without such evidence. The decree in each case was affirmed or reversed on appeal for want of evidence. An appeal will not lie to reverse a void decree. To hold that a decree should be affirmed or reversed is to hold that it is not void.*" (Emphasis supplied.)— 261 Ala. 681, 75 So.2d 919.

And we have held that whether there is evidence to support a decree and whether the trial court has misjudged the evidence are not inquiries which can be made on a bill of review. If in that respect the court errs, the errors can be corrected only on appeal. Owens v. Owens, 245 Ala. 485, 17 So.2d 659, which was a divorce case. The same holding is, of course, applicable to a motion to vacate made after the expiration of the thirty-day period.

■ The contention on the part of the appellant that the decree should be vacated in so far as it awards the custody of the minor children to the appellee for the reason that at the time the decree was rendered the children were not physically within the jurisdiction of the court is under the facts and circumstances here presented without merit.

It affirmatively appears from the record that the absence of the children from this state was due to the fact that appellant removed them from this state in direct violation of the terms and provisions of a previous decree of the circuit court of Dallas County, in equity, rendered at a time when that court unquestionably had jurisdiction of the persons of the infants and of both parents and when all of the parties were domiciled in Dallas County, Alabama. In Ex parte Fletcher, 225 Ala. 139, 141, 142 So. 30, 31, it is said: "A court of equity in which jurisdiction of the person of the infant is acquired has exclusive right to pursue an exercise of such jurisdiction not affected by the subsequent residential status of the infant or its custodian. Lassiter v. Wilson, 207 Ala. 669, 93 So. 598; Burns v. Shapley, 16 Ala.App. 297, 77 So. 447." See Little v. Little, 249 Ala. 144, 30 So.2d 386, 171 A.L.R. 1399; 9 A.L.R.2d 436 et seq.

■ Since we have not concluded that the decree of March 3, 1949, is void on the face of the record it follows that under the decisions of this court the decree refusing to vacate will not support an appeal. Griffin v. Proctor, supra; Capps v. Norden, supra; Robinson Co. v. Beck, 261 Ala. 531, 533, 74 So.2d 915; Wheeler v. Bullington, 264 Ala. 264, 87 So.2d 27; Ford v. Ford, 218 Ala. 15, 117 So. 462.

It follows the appeal must be dismissed.

Appeal dismissed.

LIVINGSTON, C. J., and MERRILL and COLEMAN, JJ., concur.