112 So.2d 485

Edna BOLLING

v.

Maurice METTEE.

1 Div. 813.

Supreme Court of Alabama.

May 28, 1959.

Albert S. Gaston and Henderson F. Helt, Jr., Mobile, for appellant.

Gaillard, Gaillard & Smith, Mobile, for appellee.

COLEMAN, Justice.

Among other matters, the record filed in this court in this cause shows that the following things took place:

Appellee filed bill in equity for declaratory judgment against appellant and others, and a summons, together with a copy of the bill, was served on appellant on February 26, 1958; appellant failed to respond to the summons, and decree pro confesso against appellant was entered on April 9, 1958; final decree granting appellee the relief prayed for in the bill of complaint was rendered on April 10, 1958; appellant and two other respondents thereafter filed a motion which, as originally filed stated: (1) "That through the inadvertence of their attorney they failed to enter a defense. * * *" and (2) "That they have a valid defense to said action." Later, appellant and the two other respondents, "* * * by way of amendment to the motion heretofore filed * * * set forth the grounds of demurrer to be filed herein as a defence to the action should Defendants' motion be granted, viz.:

"1. There is no equity in the bill. 2. The bill is not one which would support a final decree. 3. The Plaintiff has an adequate remedy at law. 4. The Plaintiff's remedy is at law and not in equity." The prayer of the motion is: "* * * that Your Honors will enter an order setting aside the final decree heretofore entered herein and the decree pro confesso and permit them to file their defense." Appellee filed a motion to strike the motion to set aside; the court denied the motion to set aside and granted the motion to strike by order entered on June 27, 1958; and on December 11, 1958, appellant filed appeal bond and gave notice of appeal "* * * from the decree of this Court rendered on the 27th day of June, 1958, denying * * *," etc.

Appellee has filed a motion to dismiss the appeal on the ground that:

"3. The decree or order of court from which the appellant seeks to appeal is not such an order or decree as will support an appeal."

Appellant states in brief that this appeal is taken under Title 7, § 754, Code 1940. § 754 recites in pertinent part: "From any final judgment or decree of the circuit court, * * * an appeal lies to the supreme court * * *." § 788 of Title 7, Code 1940, provides that, except when a different time is prescribed, appeals under this chapter "must be taken within six months

from the rendition of the judgment or decree."

■ ■ The final decree was rendered on April 10, 1958. Six months from that date expired in October, 1958, and an appeal taken in December from the April decree comes too late. Appellant attempts to appeal from the order of June 27, 1958, which will not support an appeal.

This court has said:

"But, as we have stated, the appeal purports to be from the decree overruling a motion to set aside the final decree. This court has often pointed out that such decrees are not appealable, though an appeal may be taken from a ruling on a motion for a new trial at law. * * *." Carlisle v. Carmichael, 222 Ala. 182, 183, 131 So. 445.

See also, Alabama Digest, Appeal and Error, ☞113(1).

Appellee's motion must be granted and the appeal dismissed.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.