147 So.2d 827

**Lola Bell SLATON**

v.

**Emmett SLATON.**

8 Div. 116.

Supreme Court of Alabama.

Nov. 29, 1962.

T. J. Carnes, Albertville, for appellant.

Wm. C. Gullahorn, Jr., Albertville, for appellee.

MERRILL, Justice.

This is an appeal from a decree overruling a motion to set aside a final decree of divorce.

Appellant was the complainant in an action for divorce. A final decree, incorporating a written agreement between the complainant and respondent, granting complainant the relief sought, was entered on May 28, 1962.

On June 8, 1962, complainant filed a motion to set aside the decree, and this motion was overruled. The appeal is from the decree overruling the motion to set aside, and the single assignment of error is that the court erred in denying the motion of complainant.

A decree overruling a motion to set aside a final decree will not support an appeal and consequently this appeal must be dismissed. Preddy v. Herren Sales Co., 215 Ala. 216, 110 So. 131. In the Preddy case, the original record shows that the final decree was rendered November 18, 1925, and the motion was made on November 25, 1925, which was, as here, within thirty days of the rendition of the final decree. See Bolling v. Mettee, 269 Ala. 287, 112 So.2d 485; Vaughan v. Vaughan, 267 Ala. 117, 100 So. 2d 1; Duke v. Scotch Lumber Co., 266 Ala. 53, 94 So.2d 194; Carlisle v. Carmichael, 222 Ala. 182, 131 So. 445.

It is only when the final decree is void on the face of the record that an order or decree refusing to set aside the final decree is appealable. The final decree in the instant case is not void on its face and the decree refusing to vacate or set aside is not appealable. Vaughan v. Vaughan, 267 Ala. 117, 100 So.2d 1; Capps v. Norden, 261 Ala. 676, 75 So.2d 915; Robinson Co. v. Beck, 261 Ala. 531, 74 So.2d 915; Ford v. Ford, 218 Ala. 15, 117 So. 462.

Even if the motion to set aside the final decree be considered as an application for rehearing, the result would be the same. No appeal will lie from an order granting or overruling an application for a rehearing unless the order modifies the final decree. Equity Rule 62; Oliver v. Dudley, 267 Ala. 87, 100 So.2d 327.

Appeal dismissed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.