RUSSELL, Judge.
On April 15, 1985, the wife filed a petition for divorce, along with her affidavit; the husband’s acceptance of service, waiver, and answer; and a settlement agreement. A final decree of divorce was signed by the trial judge on April 18, 1985.
*277 On May 30,1991, the wife filed a petition for contempt, alleging, among other things, that the husband was in arrears in the payment of child support and mortgage payments and that he had not reimbursed the wife for doctor and dentist bills. The husband filed his answer to the petition, denying the allegations. He subsequently filed a motion to set aside the final decree of divorce, alleging that no legal ground for divorce was proved and that the trial court, therefore, had lacked the authority to grant the divorce. The trial court granted the husband’s motion to set aside the divorce, holding that the decree is void ab initio for lack of subject matter jurisdiction because insufficient grounds for divorce were proven. The wife appeals. We reverse and remand.
The dispositive issue is whether the divorce decree is void for lack of subject matter jurisdiction where the only proof of a statutory ground is a statement in an affidavit that uses the same language as the statute that states the divorce grounds.
In its order the trial court stated that “[i]f the motion [to set aside the decree] prevails, the finding must be that this court did not have subject matter jurisdiction at the time of the entry of the decree and no lapse of time or other actions of the parties subsequent to said entry of the decree can correct or cure said lack of jurisdiction. Vaughan v. Vaughan, 267 Ala. 117, 100 So.2d 1 (1958).”
It further found that testimony which “merely tracks the wording of the statutory grounds for divorce is insufficient.” It then held that a judgment of divorce that is granted on grounds as to which there is insufficient testimony is “void ab initio and cannot be corrected by either the discretion of the court or further action of the parties” and that such cases were void for lack of subject matter jurisdiction.
In the cases cited by the husband and by the trial court in its order, the judgment of the trial court was reversed and remanded where it granted a divorce decree, or affirmed where it denied such a decree, because of the lack of authority of the trial court to grant the divorce. See Wright v. Wright, 55 Ala.App. 112, 313 So.2d 540 (1975) (securing a divorce on the confession of the parties is prohibited; the establishment of grounds by testimony or evidence is jurisdictional; decree set aside and reversed and remanded on appeal); Meares v. Meares, 256 Ala. 596, 56 So.2d 661 (1952) (strict jurisdictional requirements must be supported by proof; reversed and remanded on appeal); Helms v. Helms, 50 Ala.App. 453, 280 So.2d 159 (Ala.Civ.App.1973) (the parties agreed on the grounds, but the jurisdictional facts must appear from the record; reversed and remanded on appeal).
In the cases presented to this court, appeal was timely, and the decree was not found to be void. In fact, a divorce decree, even if procured by the collusion of the parties, is not void, and neither party is entitled to have the decree set aside on that ground. Johnson v. Johnson, 182 Ala. 376, 62 So. 706 (1913). It may be set aside if the application is “seasonably made in good faith and not from any expected personal advantage.” Id. at 382, 62 So. at 708. Further, a decree will be reversed on appeal if there is a lack of necessary testimony; however, where a decree is reversed on appeal, it is not held to be void, as a void decree will not support an appeal. Vaughan, 267 Ala. 117, 100 So.2d 1. In fact, the error of the trial court in granting a decree that is not supported by the evidence may only be corrected on appeal. Id.
In addition, we are informed in the wife’s brief that both parties have remarried in reliance on the validity of the divorce and that the husband paid some portion of the amounts due under the judgment. The husband is now estopped from assuming a position inconsistent with the first one to the prejudice of the wife. Prescott v. Prescott, 545 So.2d 79 (Ala.Civ.App.1989).
In the present case the attack on the decree, commenced over six years after it was granted, clearly was not seasonably made and was made for the husband’s, personal advantage. See Johnson. In addition, the decree is not void and should have *278 been attacked on appeal, Vaughan, and the husband is now estopped from attacking the decree. Prescott.
Therefore, based on the above, although the husband could have timely appealed from the divorce decree, he may not successfully file a motion to set aside the divorce decree some six years after the granting of the decree. The judgment is reversed and the cause remanded for the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.