YATES, Judge.
Derrick B. Crenshaw, acting pro se, filed a complaint for divorce, alleging that he was imprisoned in the penitentiary and should be granted a divorce pursuant to Ala.Code 1975, § 30-2-l(a)(4). He further alleged a complete incompatibility of temperament and an irretrievable breakdown of the marriage. He subsequently filed an affidavit, stating that the wife’s residence was unknown and that she was avoiding service. He requested service of the wife by publication.
Following notice by publication, the husband moved for a default judgment. He filed another affidavit, stating that he was incar *145 cerated in a correctional facility and unable to appear personally before the trial court, that the wife had been served by publication after unsuccessful attempts to locate her, and that the wife had not responded. He then alleged that his wife had had a sexual relationship outside the marriage, that he had been unable to contact or find the wife, and that he had not talked to the wife in 1½ years. The trial court, without stating its reasons, denied the divorce; the husband appeals.
The husband contends that the trial court erred in denying the divorce, after, he claims, he had stated lawful grounds that were un-eontested. However, we find the dispositive issue to be whether his proof was sufficient to provide the trial court with jurisdiction over the marital res.
Jurisdiction in a divorce case is vested by statute; the existence of facts creating the court’s jurisdiction may not be inferred, but must affirmatively appear from the record. Vaughan v. Vaughan, 267 Ala. 117, 100 So.2d 1 (1957); Meares v. Meares, 256 Ala. 596, 56 So.2d 661 (1952).' “When the defendant is a nonresident, the other party to the marriage must have been a bona fide resident of this state for six months next before the filing of the complaint, which must be alleged in the complaint and proved.” (Emphasis supplied.) Ala.Code 1975, § 30-2-5. A judgment rendered without proof of the residence requirement is void for want of subject matter jurisdiction. Chavis v. Chavis, 394 So.2d 54 (Ala.Civ.App.1981). The question before this court is whether Derrick Crenshaw presented sufficient legal evidence to sustain the allegations of his complaint regarding jurisdiction. Levy v. Levy, 256 Ala. 629, 56 So.2d 344 (1951).
Although Crenshaw stated in his written affidavit that he was incarcerated in a correctional facility, he offered no proof of how long he had been a resident of the state. Because he was unable to show that the wife was a resident of the state, the trial court could have found that the proof was insufficient to provide it with jurisdiction over the marital res. Although the trial court could have simply dismissed husband’s complaint for divorce, it merely denied the husband the divoree. We find no error in that decision. Therefore, the judgment of the trial court is affirmed.
We further note that § 30-2-l(a)(4) provides as a grounds for divorce that a party to the marriage has been imprisoned in the penitentiary for two years, with a sentence of seven years or longer. Although the husband stated that he was incarcerated and quoted the statute, he provided no evidence of how long he had been incarcerated or the length of his sentence.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.