*723
 
 MOORE, Judge.
 

 On June 19, 2009, Shenderryl KaPrince Wilson (“the husband”) filed a pro se complaint seeking a divorce from Pamela Jeanett Wilson (“the wife”). Although the husband’s complaint was filed on June 19, 2009, the husband signed the complaint on November 8, 2008, and the husband’s signature was notarized on November 3, 2008. In his complaint, the husband asserted that he and the wife were married on May 14, 1999, in Birmingham, and that the parties separated on April 7, 2004. The husband also asserted that he was incarcerated at the Childersburg Community Work Center in Childersburg, and, citing § 30-2-4, Ala.Code 1975, he asserted that his complaint was properly before the court because the wife “currently resides in Jefferson County.” As grounds for the divorce, the husband alleged (1) that the wife had committed adultery,
 
 see
 
 § 30-2-l(a)(2), Ala.Code 1975, (2) that he had “becom[e] imprisoned in the penitentiary of this state for two years, the sentence being for seven years or longer,”
 
 see
 
 § 30-2-l(a)(4), Ala.Code 1975, (3) that there “exists such a complete incompatibility of temperament that the parties can no longer live together,”
 
 see
 
 § 30-2-l(a)(7), Ala.Code 1975, and (4) that “[t]here has been an irretrievable breakdown of the marriage and that further attempts at reconciliation are impractical or futile and not in the best interests of the parties or family,”
 
 see §
 
 30-2-1 (a)(9), Ala.Code 1975. Although the husband did not assert in his complaint that children had been born of the parties’ marriage, the husband filed a child-support-information sheet along with the complaint.
 

 The husband also filed two affidavits on June 19, 2009, both of which were signed by the husband and notarized on November 3, 2008. In the first affidavit he stated that the summons and complaint could not be served on the wife because “her residence is unknown and it cannot with reasonable diligence be ascertained,” and he requested that the wife be served by publication, pursuant to Rule 4.3, Ala. R. Civ. P. In the second affidavit he stated, among other things:
 

 “I am an indigent inmate and I cannot pay the cost of publication due to substantial hardship. An affidavit of substantial hardship is being filed herewith. Pursuant to Rule 4.3(c)(1), [Ala.] R. Civ. P., service may be accomplished by alternative means, i.e., ‘first class mail in lieu of publication,’ in this situation. Id. Pursuant to Rule 4.3(c)(1), [Ala.] R. Civ. P., I provide ... ‘all of the known addresses of the defendant for the preceding two years’ ....”
 

 On July 29, 2009, the trial court granted the husband’s request to have service perfected on the wife by first-class mail.
 

 On September 22, 2009, the husband filed an “application, affidavit, and entry of default,” in which he asserted that the wife had been served with a copy of the summons and complaint on July 29, 2009, that more than 30 days had elapsed since the wife was served, and that the wife had failed to answer or otherwise defend against the complaint. An entry of default was entered by the circuit clerk on September 22, 2009. On October 2, 2009, the trial court entered the following order:
 

 “THIS CAUSE was submitted to the Court on [the husband’s] Application, Affidavit, and Entry of Default entered on September 22, 2009. Upon consideration thereof, the Court is of the opinion the following Order should be entered. Accordingly, it is
 

 “ORDERED and ADJUDGED by the Court that the [husband’s] Application, Affidavit, and Entry of Default entered
 
 *724
 
 on September 22, 2009 is set for hearing before the undersigned on the 20th day of October, 2009 at 9:00 a.m. ...”
 

 On October 13, 2009, the husband filed a motion requesting that he be transported to the court for the October 20, 2009, hearing or, in the alternative, that he be granted leave of court to take his own oral or written deposition. On October 20, 2009, the trial court entered an order denying the husband’s request to be transported to the hearing but granting the husband’s request for leave to take his own written deposition. The trial court instructed the husband to provide the name of a notary so that the court could appoint that person to take the husband’s testimony. The husband provided the court with the name of a notary, and, on November 18, 2009, the trial court appointed the notary to take the testimony of the husband and to “certify that the [husband] was duly sworn by him and that the written testimony is a true record of the testimony given by the [husband].” On December 2, 2009, the husband’s testimony was filed with the trial court. In that sworn testimony, the husband stated:
 

 “COMES NOW [the husband], ... and having personal knowledge of the facts set forth below submits the following testimony:
 

 “1. I am currently married to the [wife].
 

 “2. I became incarcerated for a felony conviction of Third Degree Robbery in 2002, and I am serving a sentence of 20 years.
 

 “3. The [wife] and I separated on April 14, 2004.
 

 “4. I desire a divorce from the bonds of matrimony because:
 

 “(1) The [wife] has committed adultery. ■
 

 “(2) I have become imprisoned in the penitentiary of this state for two
 

 years, the sentence being for seven years or longer.
 

 “(3) There exists such a complete incompatibility of temperament that the [wife] and I can no longer live together.
 

 “(4) There has been an irretrievable breakdown of the mamage and that further attempts at reconciliation are impractical or futile and not in the best interests of the parties or family.
 

 “5. The [wife] was served with a copy of the Divorce Complaint, and she failed to file an answer within thirty (30) days.
 

 “6. Based upon the failure of the [wife] to file an answer to the Divorce Complaint, I filed an Application for the Entry of a Default Judgment.
 

 “WHEREFORE, the premises considered, [the husband] prays that this Court will accept the foregoing testimony and grant the Application for the Entry of a Default Judgment.”
 

 On December 22, 2009, the husband filed a “motion to recall order”; the order he sought to recall apparently set the case for a hearing on December 18, 2009. On December 22, 2009, the trial court entered the following order:
 

 “THIS CAUSE came on to be heard on the 18th day of December, 2009 and was submitted to the Court on the [husband’s] Motion to Recall Order and on the Courts preemptory calendar. Neither the [husband] nor counsel on his behalf appeared in Open Court. Neither the [wife] nor counsel on her behalf appeared in Open Court. The Court did receive [the husband’s] testimony that was submitted on his Application for a Default Judgment entered September 22, 2009. This Court having considered all pleadings pending before this Court
 
 *725
 
 is of the opinion the following Order should be entered. Accordingly, it is
 

 “ORDERED and ADJUDGED by the Court:
 

 “1. That [husband’s] submitted testimony fails to address necessary information on proof for a divorce, therefore [husband’s] request to grant a divorce be and the same is hereby denied.
 

 “2. That in light of the [husband’s] failure to provide as referred above the Motion to Recall Order is also denied.”
 

 The husband filed a “motion for reconsideration of order,” which the trial court denied. The husband appealed.
 

 On appeal, the husband argues that the trial court erred as a matter of law in dismissing his complaint for a divorce. He argues that the grounds he cited in his complaint are grounds upon which a divorce can be granted, as set out in Ala. Code 1975, § 30-2-l(a)(2), (4), (7), and (9). He asserts that the testimony he submitted supports those allegations, specifically, the allegations asserted under subsection (a)(4).
 

 We, however, find the dispositive issue to be whether the husband presented “sufficient legal evidence to sustain the allegations of his complaint regarding jurisdiction.”
 
 Crenshaw v. Crenshaw,
 
 646 So.2d 144, 145 (Ala.Civ.App.1994).
 

 In
 
 Crenshaw,
 
 the husband filed a complaint alleging that he was incarcerated in a penitentiary and that he should be granted a divorce pursuant to § 30-2-1 (a)(4), Ala.Code 1975. He also alleged incompatibility of temperament and an irretrievable breakdown of the marriage as grounds for the divorce. The wife was served by publication. The husband subsequently moved for a default judgment. He also filed an affidavit in which he stated that he was incarcerated in a correctional facility and, thus, was unable to appear personally before the trial court, that the wife had been served by publication after unsuccessful attempts to locate her, and that he had been unable to contact or find the wife. 646 So.2d at 145. The trial court denied the divorce without stating its reasons, and the husband appealed.
 
 Id.
 

 This court found the dispositive issue to be whether the husband’s proof was sufficient to provide the trial court -with jurisdiction over the marital res.
 
 Id.
 
 This court stated:
 

 “Jurisdiction in a divorce case is vested by statute; the existence of facts creating the court’s jurisdiction may not be inferred, but must affirmatively appear from the record.
 
 Vaughan v. Vaughan,
 
 267 Ala. 117, 100 So.2d 1 (1957);
 
 Meares v. Meares,
 
 256 Ala. 596, 56 So.2d 661 (1952). ‘When the defendant is a nonresident, the other party to the marriage must have been a bona fide resident of this state for six months next before the filing of the complaint, which must be alleged in the complaint and
 
 proved.’
 
 (Emphasis supplied.) Ala. Code 1975, § 30-2-5. A judgment rendered without proof of the residence requirement is void for want of subject matter jurisdiction.
 
 Chavis v. Chavis,
 
 394 So.2d 54 (Ala.Civ.App.1981). The question before this court is whether [the husband] presented sufficient legal evidence to sustain the allegations of his complaint regarding jurisdiction.
 
 Levy v. Levy,
 
 256 Ala. 629, 56 So.2d 344 (1951).
 

 “Although [the husband] stated in his written affidavit that he was incarcerated in a correctional facility, he offered no proof of how long he had been a resident of the state. Because he was unable to show that the wife was a resident of the state, the trial court could have found that the proof was insuffi-
 
 *726
 
 dent to provide it with jurisdiction over the marital res. Although the trial court could have simply dismissed [the] husband’s complaint for divorce, it merely denied the husband the divorce. We find no error in that decision. Therefore, the judgment of the trial court is affirmed.”
 

 646 So.2d at 145.
 

 In the present case, the husband asserted that he was “currently incarcerated at the Childersburg Community Work Center,” and, citing § 30-2-4, he asserted that his complaint was properly before the court because the wife “currently resides in Jefferson County.” Although the husband’s complaint was filed on June 19, 2009, it was signed by the husband and notarized on November 3, 2008, some seven and a half months before it was actually filed. Additionally, on the same day he filed his complaint, the husband filed an affidavit in which he requested that the wife be served by publication, pursuant to Rule 4.3, Ala. R. Civ. P., because the wife’s residence was unknown and it could not with reasonable diligence be ascertained. Like in
 
 Crenshaw,
 
 the husband in the present case “was unable to show that the wife was a resident of the state,” 646 So.2d at 145, and, although his written testimony stated that he “became incarcerated for a felony conviction of Third Degree Robbery in 2002,” he offered no proof of how long he had been a resident of this state.
 
 See Ex parte Sides,
 
 594 So.2d 93, 95-96 (Ala.1992) (holding that involuntary incarceration of a person in prison will not effect a change in residence). Accordingly, we conclude, just as the court did in
 
 Cren-shaw,
 
 that the trial court’s judgment denying the husband’s request for a divorce because “the [husband’s] submitted testimony fail[ed] to address necessary information on proof for a divorce” is due to be affirmed.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.